ATTORNEYS AT LAW
125 BROAD STREET, 39TH FLOOR   NEW YORK, NY 10004-2400
www.sedgwicklaw.com   212.422.0202 PHONE   212.422.0925 FAX



*(212) 898-4011*
*michael.bernstein@sedgwicklaw.com*

October 19, 2011

*Via ECF & Hand Delivery*
Hon. Jed S. Rakoff, U.S.D.J.
United States District Court For The
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:  *Ramona Joyner* v. *Continental Casualty Co.*
      Civ. Act. No. 11-cv-6005 (JSR)
      Our File No.: 02489-000154

Dear Judge Rakoff:

This office represents the defendant Hartford Life Group Insurance Company ("Hartford") incorrectly sued herein as Continental Casualty Company ("Continental")[1] in the above-referenced action. In accord with the Court's direction at the initial scheduling conference held on October 12,

---

[1] On November 30, 2003, Continental sold its group disability insurance business to Hartford. Hartford assumed 100% liability pursuant to an Amended and Restated Group Health Indemnity Reinsurance Agreement and assumed responsibility to administer claims as the fiduciary pursuant to an Amended and Restated Group Health Administrative Services Agreement. (The referenced documents consist of confidential, business sensitive materials. A copy of these documents were filed under seal in *Young* v. *Hartford Life Group Ins. Co.*, U.S. Dist. Ct., S.D.N.Y. Civ. Act. No. 09 Civ. 9811 (RJH) and will be provided to counsel and the Court upon entry of a protective order.). The group insurance policy was subsequently amended to reflect that Hartford is the claim fiduciary vested with full discretionary authority to interpret the plan terms and to determine participants' eligibility for benefits. Hartford also made all relevant discretionary determinations at issue in this case. Accordingly, the Court's review in this case should be pursuant to the arbitrary and capricious review standard. Several courts that have addressed this issue have found that Hartford is Continental's successor-in-interest and is the Plan's claim fiduciary vested with full discretionary authority to render claim determinations and that the arbitrary and capricious standard of review is applicable to lawsuits challenging Hartford's claim determinations under former Continenetal plans.. *See Barnes* v. *Hartford Life & Acc. Ins. Co.*, No. 07-12141, 2008 WL 4298466, *2 (E.D. Mich. Sept. 12, 2008) (finding Hartford, as successor-in-interest to CNA, the original successor-in-interest to CCC, was vested with full discretionary authority under the Plan); *Young* v. *Hartford Life & Acc. Ins. Co.*, No. 09 Civ. 9811(RJH), 2011 WL 4430859, * 6 (S.D.N.Y. Sept. 23, 2011) (reviewing Hartford's decision-making under an arbitrary and capricious standard of review); *see also Schnur* v. *CTC Communications Corp. Group Disability Plan*, No. 05-cv-3297(RJS), 2010 WL 1253481, *10 (S.D.N.Y Mar. 29, 2010) *aff'd* 413 Fed. Appx. 377 (2d Cir. 2011).

Hon. Jed S. Rakoff, U.S.D.J.
Re:  *Ramona Joyner* v. *Continental Casualty Co.*
     October 19, 2011
Page 2

2011, we submit this letter brief discussing Hartford's objection to plaintiff Ramona Joyner's ("Joyner") non-specific request to conduct discovery outside of the administrative record.

In her Complaint, Joyner alleges a single claim for relief under §502(a)(1)(B) of the Employee Retirement Income Security Act of 1974  ("ERISA"), 29 U.S.C. §1132(a)(1)(B), seeking an award of long-term disability ("LTD") benefits under her former employer's welfare benefit plan. The Plan vests Hartford with discretionary authority to interpret all plan terms and to render all claims decisions.[2] Accordingly, when reviewing Hartford's adverse benefit determination of Joyner's claim, the Court must do so pursuant to the deferential arbitrary and capricious standard of review. *See Conkright* v. *Frommert*, 130 S.Ct. 1640, 1649 (2010); *Metropolitan Life Ins. Co.* v. *Glenn*, 554 U.S. 105, 110-11 (2008); *Firestone Tire and Rubber Co.* v. *Bruch*, 489 U.S. 101, 115 (1989); *Hobson* v. *Metropolitan Life Ins. Co.* 574 F.3d 75, 82 (2d Cir. 2009); *McCauley* v. *First Unum Life Ins. Co.*, 551 F.3d 126, 133 (2d Cir. 2008). Under this deferential review standard, the Court is without discretion to consider evidence outside of the administrative record when considering whether Hartford's determination was arbitrary and capricious.  *See Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995); *Laub* v. *Aetna Life Ins. Co.*, 549 F. Supp. 2d 571, 574 (S.D.N.Y. 2008)(noting "[i]f defendants are correct that the appropriate standard is 'arbitrary and capricious,' the Court would not have the discretion to supplement the administrative record in the manner [plaintiff] has requested.")(Rakoff, J.). Where the Court reviews the administrator's claim determination pursuant to the arbitrary and capricious review standard, discovery is generally limited to the administrative record absent a showing of "good cause" to perform discovery outside of the administrative record.  FED. R. CIV. P. 26(b)(1). At this point, Joyner has not identified what discovery she seeks. Assuming Joyner wishes to engage in discovery concerning Hartford's purported conflict of interest, such discovery should

---

[2] A copy of the group policy for the governing plan is attached hereto as Exhibit "A."

not be permitted because she has not made any showing of "good cause." Specifically, Joyner has not alleged any facts demonstrating that Hartford's decision-making was influenced by a financial conflict of interest.  *See Quinones* v. *First Unum Life Ins. Co.*, No. 10 Civ. 8444(SAS), 2011 WL 797456, *2 (S.D.N.Y. Mar. 4, 2011).  Additionally, to the extent Joyner maintains the right to conduct expert discovery, any additional expert testimony is inadmissible for the purposes of challenging Hartford's decision-making on Joyner's claim because any new expert opinion prepared in this litigation is not part of the administrative record before the administrator at the time it rendered its final determination.  *See Miller*, 72 F.3d at 1071; *Anderson* v. *Sotheby's Inc. Severance Plan*, No. 04 Civ. 8180(SAS)(DF), 2005 WL 1412965, *3 (S.D.N.Y. June 13, 2005).

A.   FACTUAL BACKGROUND.

On October 12, 2002, Joyner began working for Computer Sciences Corporation ("CSC") as a Senior Engineer in Virginia, where she resides, and enrolled in CSC's employer-sponsored LTD plan (the "Plan") for eligible employees.  On July 19, 2005, Joyner stopped working allegedly due to depression and chronic fatigue syndrome.  After exhaustion of a thirty-day elimination period, Hartford approved LTD benefits under the Plan based on Joyner's depression commencing August 19, 2005.  The Plan limits LTD benefits based on a mental/nervous condition to 24-months and Joyner received all available benefits, which exhausted on August 18, 2007.

Just before exhaustion of the mental/nervous LTD benefits, Joyner advised Hartford that she was disabled by a condition in her cervical spine, and on December 1, 2007, her treating doctor performed a cervical fusion procedure.  Hartford continued to approve benefits while Joyner recovered from this surgery.  Thereafter, in September 2009, Hartford received medical records from Joyner's treating neurologist noting that she was able to sit for eight hours per day.  Joyner's neurologist also noted a normal physical and neurological exam and no significant abnormalities

from a pulmonary or orthopedic perspective. Joyner's neurologist subsequently submitted a statement indicating that Joyner could not perform a sedentary occupation due to fatigue and severe chronic pain. Hartford referred the medical records for an independent medical record peer review. The records then were referred to a physician who is board certified in internal medicine and rheumatology, who opined that the medical records did not show any restrictions and limitations on Joyner's sitting, standing, walking, reaching, driving, fingering or use of keyboard, with the exception of lifting more than thirty pounds or twenty pounds on a repetitive basis. Based on the independent medical record peer review report, Hartford obtained a vocational report, identifying potential occupations that Joyner is qualified to perform based on her education, experience and physical restrictions and limitations. The vocational report identified two occupations that Joyner could perform and also noted that several employers in the area of Joyner's residence were contacted to confirm that job openings for the identified occupations were available. On December 21, 2009, Tanya R. Walsh, an Ability Analyst at Hartford, who had previously recommended continuing LTD benefits, recommended that Hartford terminate LTD benefits because Joyner's submissions failed to demonstrate that she was disabled from any occupation as that term is defined under the Plan. The recommendation was approved on January 29, 2010 by Jon W. Holland, an Examiner at Hartford. Ms. Walsh sent a letter to Joyner dated January 29, 2010, advising her of Hartford's decision to terminate LTD benefits effective January 30, 2010, as well as the right to submit an administrative appeal, and of the information that she should submit to perfect her claim on appeal.

Joyner retained Quadrino & Schwartz, P.C. to represent her with respect to her administrative appeal. In March 2010, Joyner's counsel requested a copy of the claim file, which Hartford promptly provided. In June 2010, Joyner's counsel requested an extension of time to perfect the appeal, which Hartford granted. In August 2010, Joyner's counsel requested another

Hon. Jed S. Rakoff, U.S.D.J.
Re:  *Ramona Joyner* v. *Continental Casualty Co.*
     October 19, 2011
Page 5

extension to October 1, 2010, which Hartford granted.  On October 1, 2010, Joyner's counsel submitted a forty-one page appeal letter and two volumes of records.

Juan Mendez, a Hartford Appeals Specialist, was assigned to consider the administrative appeal.  Mr. Mendez advised Joyner's counsel that the medical records had been referred for a new independent medical record peer review and that the peer reviewer had been instructed to contact Joyner's neurologist.  Joyner's counsel objected and demanded that the peer review doctor submit only written questions to Joyner's counsel.  On or about November 12, 2010, the peer reviewer physician forwarded written questions to Joyner's counsel so that Joyner's treating physician could provide responses.  In a report dated November 29, 2010, the peer review physician, who is board certified in internal medicine and rheumatology, summarized his review of the medical records and opined that Joyner was physically able to work on a full time basis in a sedentary to light duty job as defined in the Dictionary of Occupation Titles.  On December 14, 2010, Joyner's counsel faxed their response to peer reviewer's questions and report, including a nine-page letter from Joyner's counsel to the peer review physician and an additional forty-two pages of documents, without copying Hartford.  Mr. Mendez obtained copies of the documents from the peer review physician, and requested that he prepare a supplemental report to address the answers to questions and new information submitted by Joyner's counsel, which Mr. Mendez received on or about January 7, 2011.  On January 20, 2011, Mr. Mendez considered all of the information submitted by Joyner, including the information that her attorneys sent to the independent peer review physician.  After considering all of the information in the claim file, including the medical opinion of the independent medical consultant, Mr. Mendez determined that the Joyner's submissions did not show that she was restricted from performing sedentary work after January 30, 2010.

In response to a request from Joyner's counsel, Hartford sent them a copy of the administrative record on July 21, 2011.

**B.   COMPLAINT**

On August 26, 2011, Joyner commenced this action Court alleging that Hartford's decision to terminate LTD benefits effective January 30, 2011 was arbitrary and capricious. Joyner alleges that she is disabled by several physical conditions, but notably fails to include depression as a cause of her purported disability. (Complaint, ¶3). Joyner alleges that she exhausted her administrative remedies under the plan. (Complaint, ¶19). Joyner does not allege any facts indicating or suggesting that Hartford's determination was influenced by conflict of interest.

## ARGUMENT

As mentioned earlier, this Court's review is limited to the contents of the administrative record pertaining to the claim in dispute at the time Hartford rendered its final determination on Joyner's claim when it considers whether that benefit determination was arbitrary and capricious. *See Hobson*, 574 F.3d at 82-83. It is well-established that "discovery is typically limited in ERISA cases to promote the goal of speedy and inexpensive litigation." *Lane* v. *Hartford*, No. 06 Civ. 393(DC), 2006 WL 3292463, *2 (S.D.N.Y. Nov. 14, 2006); *see Buczek* v. *Bristol-Myers Squibb Co.*, No. 07-cv-58C(SC), 2008 WL 1995124, *3 (W.D.N.Y. May 6, 2008); *see also Conkright*, 130 S.Ct. at 1649 ("Deference promotes efficiency by encouraging resolution of benefits disputes through internal administrative proceedings rather than costly litigation."). While discovery outside of the administrative record is not permitted to supplement the administrative record, a district court may allow some limited discovery outside of the administrative record if "good cause" for such discovery is shown by the party seeking it. FED. R. CIV. P. 26(b)(1). Here, Joyner has not yet indicated what sort of discovery she wishes to pursue (or other expert discovery) and has not demonstrated "good

cause" for discovery outside the administrative record on any issue relevant to the Court's consideration of Hartford's claim determination. As will be discussed below, to the extent Joyner wishes to pursue conflict of interest discovery, she has not established "good cause" to do so. Furthermore, and regardless of any "good cause" showing, expert discovery would not be appropriate under any circumstance.

### A. JOYNER HAS FAILED TO ALLEGE ANY FACTS TO DEMONSTRATE "GOOD CAUSE" TO PURSUE CONFLICT OF INTEREST DISCOVERY.

The Second Circuit has held that a reviewing court should decline to afford "conflict of interest *any weight* in [its review of a claim administrator's] benefit denial" if there is no evidence to suggest that conflict considerations actually influenced the claim determination. *Hobson*, 574 F.3d at 83 (emphasis added); *see also Durakovic* v. *Building Service 32 BJ Pension Fund,* 609 F.3d 133, 140 (2d Cir. 2010). Thus, in order for Joyner to obtain additional discovery, she must demonstrate that that under Rule 26(b)(1), FED. R. CIV. P., "good cause" for discovery outside the administrative record exists based on documents in the administrative record. *See Atkins* v. *Prudential Ins. Co.*, No. 09-3561, 2010 WL 5060613, *3(8th Cir. Dec. 13, 2010) (noting that "the administrative record was sufficient to permit a fair evaluation of the decision."); *Baird* v. *Prudential Ins. Co. of Am.*, No. 09 Civ. 7898, 2010 WL 3743839, *9 (S.D.N.Y. Sept. 24, 2010); *Rubino* v. *Aetna Life Ins. Co.*, No. 07-cv-377(LDW)(AKT), 2009 WL 910747, *5 (E.D.N.Y. Mar. 31, 2009); *Schalit* v. *Cigna Life Ins. Co. Of N.Y.*, No. 07 Civ. 0476 (CM)(RLE), 2007 WL 2040587, *3 (S.D.N.Y. July 12, 2007). Despite having a complete copy of the administrative record prior to the commencement of this litigation, Joyner's Complaint does not identify any evidence of a conflict of interest evident in that record.

It is also well-established that the mere fact that Hartford acts in a dual capacity as both claim reviewer and claim payor is not sufficient to establish "good cause" to allow additional

discovery. See *Wagner* v. *First Unum Life Ins. Co.*, 100 Fed. Appx. 862, 864 n. 1 (2d Cir. 2004) (requiring a showing of "good cause"); *Lane* v. *Hartford*, No. 06 civ. 3931(DC), 2006 WL 3292463, *2 (S.D.N.Y. Nov. 14, 2006) (Chin, J.) (denying plaintiff's request for discovery due to his failure to demonstrate good cause for the discovery sought). In order to meet the "good cause" standard for discovery outside of the administrative record, a plaintiff "must show a reasonable chance that the requested discovery will satisfy the good cause requirement"; i.e., that further discovery will likely lead to the discovery of admissible evidence proving that Hartford's decision was actually affected by a conflict of interest. *Burgio* v. *Prudential Life Ins. Co. Of Am.*, 253 F.R.D. 219, 230 (E.D.N.Y. 2008) (quoting *Trussel* v. *Cigna Life Ins. Co. Of N.Y.*, 552 F. Supp. 2d 387, 390 (S.D.N.Y. 2008)). Since Joyner has failed to allege any facts suggesting that conflict of interest, considerations actually influenced Hartford's decision-making on her claim, she cannot show that there is "good cause" for discovery outside the administrative record. See *Quinones* v. *First Unum Life Ins. Co.*, No. 10 Civ. 8444(SAS), 2011 WL 797456, *2 (S.D.N.Y. Mar. 4, 2011); *Schalit* v. *CIGNA Life Ins. Co.*, No. 07 Civ. 0476(CM)(RLE), 2007 WL 2040587, *2 (S.D.N.Y. July 12, 2007).

Furthermore, many courts that have considered this issue have found that Hartford has taken active steps to reduce the influence of any conflict of interest. In *Metropolitan Life Ins. Co.* v. *Glenn*, 554 U.S. 105, 117 (2008), the U.S. Supreme Court identified active steps that an insurance company may take to reduce the influence of conflict of interest. Hartford has taken those steps. Several district courts in this Circuit, as well as the Second Circuit and the Tenth Circuit, have found that Hartford's structure is designed to reduce the influence of conflict of interest so that this factor bears little, if any, weight in the reviewing the court's analysis. See *Bendik* v. *Hartford Life Ins. Co.*, No. 03 Civ. 8138(LAP), 2010 WL 2730465, *5 (S.D.N.Y. Jul. 12, 2010) *aff'd,* 2011 WL 4091073 (2d Cir. Sept. 15, 2011) (Summary Order); *Schnur* v. *CTC Communications Corp. Group Disability Plan*, No. 05-cv-

3297(RJS), 2010 WL 1253481, *11 (S.D.N.Y Mar. 29, 2010) *aff'd* 413 Fed. Appx. 377 (2d Cir. 2011) (involving a claim decided by Hartford originally underwritten by Continental Casualty Company); *Fortune* v. *Long Term Group Disability Plan for Employees of Keyspan Corp.*, 637 F. Supp. 2d 132, 144 (E.D.N.Y. 2009) *aff'd* 391 Fed. Appx. 74 (2d Cir. Aug. 30, 2010); *Brown* v. *Hartford Life Ins. Co.*, No. 10–7081, 2011 WL 2550456 (10th Cir. June 28, 2011); *see also Young* v. *Hartford Life and Acc. Ins. Co.*, No. 09 Civ. 9811(RJH), 2011 WL 4430859, *10-11 (S.D.N.Y. Sept. 23, 2011); *Jennison* v. *Hartford Life & Acc. Ins. Co.*, No. 3:10-cv-164 (LEK/DEP), 2011 WL 3352449, *8 (N.D.N.Y. Aug. 3, 2011); *Mugan* v. *Hartford Life Group Ins. Co.*, 765 F. Supp. 2d 359, 372 (S.D.N.Y. 2011); *Rotondi* v. *Hartford Life & Acc. Group*, No. 09-cv-06287(PGG), 2010 WL 3720830, *11-12 (S.D.N.Y. Sept. 22, 2010); *Ramstine* v. *Hartford Life Ins. Co.,* No. 08-CV-942, 2010 WL 3718860, at *7 (N.D.N.Y. Sept. 14, 2010); *Donohoe* v. *Hartford Life Ins. Co.*, No. 6:10-CV-67, 2011 WL 940849, at *9 (N.D.N.Y. March 18, 2011).

Joyner has not alleged any facts to suggest that Hartford deviated from, or performed a review that was inconsistent with, its normal practices. Accordingly, Joyner has failed to meet her burden of demonstrating "good cause" for discovery outside the administrative record on conflict of interest.

**B.   JOYNER HAS FAILED TO MEET HER BURDEN TO SHOW "GOOD CAUSE" FOR EXPERT DISCOVERY.**

Since this Court's review is limited to the administrative record, it should may not consider any expert report prepared for or during this litigation because, by its very nature, this is evidence outside of the administrative record. *See Anderson*, 2005 WL 1412965, at *3 ("If the arbitrary and capricious standard applies, the report is excluded under *Miller*."). To the extent Joyner believed that any additional expert opinion was required in support of her claim, she was required to submit such

proof to Hartford on her original claim or on her administrative appeal. Allowing additional expert reports to be prepared after Hartford's final determination would serve no purpose because this Court could not consider them. Again, the reviewing court may only review and consider the materials available to Hartford at the time it rendered a final determination on Joyner's claim. *See Richard* v. *Fleet Financial Group Inc. LTD Employee Benefits Plan*, 367 Fed. Appx. 230, 233 (2d Cir. 2010); *Hobson*, 574 F.3d at 89; *Muller* v. *First Unum Life Ins. Co.*, 341 F.3d 119, 125 (2d Cir. 2003); *Miller*, 72 F.3d at 1071; *Young* v. *Hartford Life and Acc. Ins. Co.*, No. 09 Civ. 9811(RJH), 2011 WL 4430859, *13 (S.D.N.Y. Sept. 23, 2011); *Geiger* v. *Alstom Signaling Inc.*, No. 06-cv-561-CJS, 2010 WL 1509343, at *12 (W.D.N.Y. Apr. 14, 2010); *Magee* v. *Metropolitan Life Ins. Co.*, No. 07-cv-88169(WHP), 2009 WL 3682423, *2 (S.D.N.Y. Oct. 15, 2009); *Mehaj* v. *Building Serv. 32B-J Health Fund*, No. 04 Civ. 7613(LLS), 2005 WL 2030283, *3 (S.D.N.Y. Aug. 23, 2005); *Salute* v. *Aetna Life Ins. Co.*, No. 04 CV 2035(TCP)(MLO), 2005 WL 1962254, *6 (E.D.N.Y. Aug. 9, 2005); *Maskara* v. *First Unum Life Ins. Co.*, No. 03 Civ. 498(MHD), 2004 WL 1562722, *1 (S.D.N.Y. Jul. 13, 2004); *Bergquist* v. *Aetna U.S. Healthcare,* 289 F. Supp. 2d 400, 411 (S.D.N.Y. 2003).

Thank you for your consideration of this matter.

Respectfully submitted,


s/ *Michael H. Bernstein*
Michael H. Bernstein
Sedgwick LLP

cc:   Evan Schwartz, Esq.
      Michail Z. Hack, Esq.


NY/753744v1

## CERTIFICATE OF SERVICE

      I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the attached **LETTER BRIEF DATED OCTOBER 19, 2011** was served via ECF and Facsimile on this 19th day of October, 2011, upon the following:

        Michail Z. Hack Esq.
        QuadrinoSchwartz
        666 Old Country Road
        Garden City NY 11530

        Business E-mail:  mzh@quadrinoschwartz.com

        s/ *John T. Seybert*
        JOHN T. SEYBERT

Dated:    New York, New York
           October 19, 2011

NY/753744v1