UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

RAMONA JOYNER,                                          Civil Action No.:

                             Plaintiff,          11 Civ. 6005 (JSR)

      -against-

CONTINENTAL CASUALTY COMPANY,                           **ANSWER TO COMPLAINT**

                         Defendant.          **DOCUMENT**
                                      **ELECTRONICALLY FILED**
---------------------------------------------------------------X

Defendant, Hartford Life Group Insurance Company ("Hartford") incorrectly sued herein as Continental Casualty Company ("Continental"), by and through its attorneys, SEDGWICK LLP, as and for its Answer to plaintiff's Complaint dated August 25, 2011, respectfully sets forth the following upon information and belief:

**THE PARTIES**

FIRST:        Admits the truth of the allegations in paragraph "1" of plaintiff's Complaint.

SECOND:      Admits the truth of the allegations in paragraph "2" of plaintiff's Complaint, except denies that Continental is a proper party to this litigation because Continental sold its group disability business to Hartford effective November 30, 2003 and Hartford amended group policy no. SR-83090156 (the "Policy"), which Continental issued to Computer Sciences Corporation ("CSC") effective January 1, 2001, to list Hartford as the underwriting company and claims fiduciary, and under the terms of the plan documents, Hartford had full discretionary authority to make all determinations concerning benefit claims under the plan, to interpret all plan terms, to pay all benefit claims, and admits that Hartford rendered all decisions with respect to plaintiff's claim for long term disability ("LTD") benefits under the employee welfare benefit plan (the "LTD Plan") established and maintained by CSC.

## JURISDICTION AND VENUE

THIRD:        Admits the truth of the allegations contained in paragraph "3" of plaintiff's Complaint.

FOURTH:        Denies each and every allegation contained in paragraph "4" as alleged, denies that venue is proper in this District and respectfully refers all questions of law to the Honorable Court.

## FACTS

FIFTH:        Denies each and every allegation contained in paragraph "5" of plaintiff's Complaint as alleged, except admits that plaintiff was an employee of CSC between October 12, 2002 and July 19, 2005.

SIXTH:        Admits the truth of the allegations contained in paragraph "6" of plaintiff's Complaint and refers to the Policy for its terms, conditions, limitations and exclusions to benefits under the LTD Plan.

SEVENTH:        Denies each and every allegation contained in paragraph "7" of plaintiff's Complaint as alleged, and respectfully refers all questions of law to the Honorable Court, except admits that the Policy was issued to CSC to fund the benefits available to eligible participants in the LTD Plan.

EIGHTH:        Denies each and every allegation contained in paragraph "8" of plaintiff's Complaint as alleged, except admits that plaintiff was enrolled as a participant in the LTD Plan effective October 12, 2002 through July 19, 2005.

NINTH:        Denies each and every allegation contained in paragraph "9" of plaintiff's Complaint as alleged, except admits that the Policy sets forth the terms, conditions, limitations and exclusions to benefits under the LTD Plan, including that a participant entitled to receive LTD

2

benefits will receive a "monthly benefit" of "60% of Monthly Earnings to a maximum benefit of $15,000 per month subject to reduction by deductible sources of income or Disability Earnings."

TENTH:    Denies each and every allegation contained in paragraph "10" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the administrative record relative to plaintiff's claim kept and maintained by Defendant in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein, except admits that the Policy was in full force and effect on July 19, 2005, when plaintiff stopped working due to an alleged disability.

ELEVENTH: Denies each and every allegation contained in paragraph "11" of plaintiff's Complaint.

TWELFTH:   Denies each and every allegation contained in paragraph "12" of plaintiff's Complaint.

THIRTEENTH:    Denies each and every allegation contained in paragraph "13" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the administrative record relative to plaintiff's claim kept and maintained by Defendant in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

FOURTEENTH:    Admits the truth of the allegations contained in paragraph "14" of plaintiff's Complaint.

FIFTEENTH:   Denies each and every allegation contained in paragraph "15" of plaintiff's Complaint as alleged, respectfully refers all questions of law to the Honorable Court, and respectfully refers to the administrative record relative to plaintiff's claim kept and maintained by

NY/753811V1

Defendant in the regular course and scope of its business for the contents thereof as to the facts and circumstances recorded therein.

SIXTEENTH:    Denies each and every allegation contained in paragraph "16" of plaintiff's Complaint.

SEVENTEENTH:    Denies each and every allegation contained in paragraph "17" of plaintiff's Complaint.

EIGHTEENTH: Denies each and every allegation contained in paragraph "18" of plaintiff's Complaint.

NINETEENTH: Admits the truth of each and every allegation contained in paragraph numbered "19" of plaintiff's Complaint.

TWENTIETH:   Denies each and every allegation contained in paragraph numbered "20" of plaintiff's Complaint.

## OBJECTION TO JURY DEMAND

TWENTY-FIRST:    Defendant objects to plaintiff's Jury Demand because she is not entitled to a trial by jury of any claim asserted against this answering Defendant. *DeFelice* v. *International Assurance Co. of New York*, 112 F.3d 61 (2d Cir. 1997); *Sullivan* v. *LTV Aerospace and Defense Co.*, 82 F.3d 1251 (2d Cir. 1996).

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TWENTY-SECOND:    This action and each purported claim asserted therein fails to state facts sufficient to constitute a cognizable claim for relief against this answering Defendant.

NY/753811V1

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TWENTY-THIRD:   The claims for which plaintiff seeks recovery are not payable under the terms of the LTD Plan in effect during the time period of the pertinent allegations in plaintiff's Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWENTY-FOURTH:    Defendant acted responsibly and in good faith at all times material herein based on relevant facts and circumstances known by them at the time it so acted and pursuant to the LTD Plan.  Accordingly, plaintiff is barred from recovery for her claims in this action and the purported claims asserted therein.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH:   To the extent (and without admitting that) plaintiff was entitled to continuing benefits under the terms of the LTD Plan as of the date Defendant determined she was not entitled to benefits, such entitlement does not mean that plaintiff has an entitlement to unlimited future benefits after that date given, *inter alia,* the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different LTD Plan requirements, exclusions and/or limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH:    All actions about which plaintiff complains were either required or permitted by applicable law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:   Hartford's decision-making was not arbitrary or capricious and therefore, the Court cannot disturb Hartford's determination concerning plaintiff's claims.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

NY/753811V1

TWENTY-EIGHTH: Plaintiff has not properly pled a claim for attorneys' fees under the Employee Retirement Income Security Act of 1974 ("ERISA").

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

TWENTY-NINTH:   Hartford, as claim fiduciary for the LTD Plan, is granted complete authority to review all denied claims for benefits under the LTD Plan's group disability policy and discretionary authority to determine: whether and to what extent employees are entitled to benefits; and to construe any and all disputed or doubtful terms of the policy; and Hartford is deemed to have properly exercised this authority unless it abuses its discretion by action arbitrarily and capriciously. Hartford's decision making was not arbitrary or capricious and therefore, the Court cannot disturb Hartford's determination concerning plaintiff's claims.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

THIRTIETH: Any findings by the Social Security Administration with respect to plaintiff's claim for Social Security disability benefits are neither determinative nor binding with respect to Hartford's evaluation of plaintiff's claim for LTD under the applicable LTD Plan documents.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

THIRTY-FIRST:   If plaintiff is entitled to payment of any benefits under the LTD Plan, any such payment must be offset by any other income, as defined by the terms of the LTD Plan, received by or payable to plaintiff.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

THIRTY-SECOND:   Plaintiff's Complaint should be dismissed due to her failure to sue the proper party under ERISA §502(d), 29 U.S.C. §1132(d).

NY/753811V1

## AS AND FOR AN TWELFTH AFFIRMATIVE DEFENSE

THIRTY-THIRD:    Plaintiff's Complaint should be dismissed due to her failure to commence this action in a proper venue under ERISA §502(e)(2), 29 U.S.C. §1132(e)(2) because this is not the "district where the plan is administered, where the breach took place, or where a defendant resides or may be found."

WHEREFORE, defendant, Hartford Life Group Insurance Company ("Hartford") incorrectly sued herein as Continental Casualty Company prays:

1.    that the action be dismissed, or that judgment be entered in favor of defendant, Hartford and against plaintiff;

2.    that defendant, Hartford be awarded costs of suit incurred herein;

3.    that defendant, Hartford be awarded reasonable attorney's fees; and

4.    that defendant, Hartford be awarded such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
          October 21, 2011

                    Respectfully Submitted,

                    s/
                    _____
                    MICHAEL H. BERNSTEIN (MB 0579)
                    SEDGWICK LLP
                    125 Broad Street, 39th Floor
                    New York, New York 10004-2400
                    Telephone: (212) 422-0202
                    Facsimile: (212) 422-0925
                    Attorneys for Defendant
                    HARTFORD LIFE GROUP INSURANCE
                    COMPANY incorrectly sued herein as CONTINENTAL
                    CASUALTY COMPANY

TO:    Michael Z. Hack, Esq.
          Quadrino Schwartz
          666 Old Country Road
          Garden City, New York 11530
          (516) 745-1122

NY/753811V1

7

**<u>CERTIFICATE OF SERVICE</u>**

I, JOHN T. SEYBERT, hereby certify and affirm that a true and correct copy of the

attached **ANSWER TO COMPLAINT** was served via ECF on this 21st day of October, 2011,

upon the following:

Michael Z. Hack, Esq.
Quadrino Schwartz
666 Old Country Road
Garden City, New York 11530

s/ _____
JOHN T. SEYBERT (JS 5014)

Dated:    New York, New York
         October 21, 2011

8