QUADRINO
SCHWARTZ

666 Old Country Road | 9th Floor | Garden City, NY 11530
Phone: 516.745.1122 | Fax: 516.745.0844

The Woolworth Building | 233 Broadway | 5th Floor | New York, NY 10279
Phone: 212.608.5445

www.quadrinoschwartz.com

Attorneys At Law

Richard J. Quadrino | Evan S. Schwartz | Bruce A. Barket
William J. O'Mahony\* | Michail Z. Hack⁰\*\* | Amy B. Marion
Brad A. Schlossberg⁰ | Scott M. Harrigan⁰ | Nathaniel E. Burney⁰

⁰ Counsel  \*Admitted in NY, NJ and Indiana  \*\*Admitted in NY and NJ

Reply To:
Garden City Office

October 26, 2011

*via* **ELECTRONIC FILING
AND HAND DELIVERY**

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

      Re:    Joyner v. Continental Casualty Company
               U.S.D. Ct., S.D.N.Y. 11 CV 06005 (JSR)

Your Honor:

      Our office represents the Plaintiff, Ramona Joyner in this matter.  This letter constitutes our opposition to Defendant's October 19, 2011 letter brief addressing the propriety of discovery in this ERISA governed case.

      In Footnote "1" of Defendant's October 19, 2011 letter, Defendant maintains that it was incorrectly sued as "Continental Casualty Company."  Defendant states that Continental sold its group disability insurance business to the Hartford pursuant to an Amended and Restated Group Health Administrative Services Agreement (hereinafter "ARGHASA").  Defendant states that the Hartford assumed responsibility to administer claims as a fiduciary under the pursuant to this

agreement. Defendant states, however, that it will not produce this agreement showing that Hartford was delegated fiduciary authority absent a confidentiality order because the documents consist of "confidential, business sensitive materials."

To the extent that Defendant wishes to submit this document to show that Hartford is an "appropriate named fiduciary" to conduct a "full and fair review" of Plaintiffs's denied claim pursuant to 29 U.S.C.§ 1133(2), then there is no need for a protective order. This is because, ERISA requires "named fiduciaries" to be named in the plan document. 29 U.S.C. § 1102 See P's October 19, 2011 letter brief, pp. 5-6. ERISA requires a plan administrator to make any trust agreement, contract or other instruments under which the plan was established or is operated available for examination by any plan participant or beneficiary. Specifically, ERISA § 104(b)(2) [29 U.S.C. §1024(b)(2)] provides:

> The administrator shall make copies of the latest updated summary plan description and the latest annual report and the bargaining agreement, trust agreement, contract, or other instruments under which the plan was established or is operated available for examination by any plan participant or beneficiary in the principal office of the administrator and in such other places as may be necessary to make available all pertinent information to all participants (including such places as the Secretary may prescribe by regulations).

Id.

To the extent that Defendant maintains that the ARGHASA is not an "instrument under which the plan was established or operated," then ERISA's liberal disclosure requirement may not apply. If the ARGHASA is not an instrument under which Plaintiff's plan is established or operated,

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
October 19, 2011
Page 3

however, it is difficult to imagine why it is relevant.

If Defendant wishes to produce the ARGHASA to show that it or Hartford was delegated discretionary authority to make all benefit determinations and interpret plan provisions, this also must be stated in a "plan" document, "[a] denial of benefits is challenged under §1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility of benefits or to construe the terms of the plan." Firestone v. Bruch, 489 U.S. 101, 115 (1989). Again, if Defendant maintains that a plan document vested it or the Hartford with discretionary authority, no confidentiality order is necessary due to § 104(b)(2)'s liberal disclosure requirement.

Defendant states that the ARGHASA was filed under seal in Young v. Hartford Life Group Ins. Co., U.S. Dist. Ct., S.D.N.Y, Civ. Act. No.09 CIV 9811(RJH). A review of a copy of that order does not reveal what was sealed or even if it was contested. Ex. 5.

Defendant's further relies on the three following cases to show that Hartford is Continental Casualty Company's (hereinafter, "CNA") successor-in-interest and is the Plan's claim fiduciary vested with full discretionary authority: Barnes v. Hartford Life and Acc. Ins. Co., 2008 WL 4298466, * 2 (E.D. Mich, 2008); Young v.Hartford Life and Acc. Ins. Co., 2011 WL 4430589, *6(S.D.N.Y. 2011); and Schnur v. CTC Communications Corp. Group Disability Plan, 2010 WL 1253481, * 10 (S.D.N.Y. 2010). Defendant's reliance on these cases to show that the Hartford is a "named fiduciary" vested with discretionary authority in this action is misplaced. First, in Barnes there is no evidence that the court engaged in the analysis the Plaintiff urges here, namely whether

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
October 19, 2011
Page 4

CNA or Hartford is a "named fiduciary" within the contemplation of ERISA § 402 (a) [29 U.S.C. § 1102(a)](see P's October 19, 2011 letter brief, pp. 5-6) or whether CNA or the Hartford was ever vested with discretionary authority by a plan document. See P's October 19, 2011 letter brief, pp 4-5.

Also, in Barnes the court stated that the "[P]olicy that the Hartford has the discretionary authority to determine eligibility for benefit and interpret the terms and conditions of the plan." That language is not present in this case. As set out in Plaintiff's October 19, 2011 letter brief, the only place the word discretion appears is in the certificate of coverage attached to Platiniff's CNA policy. That certicificate specifically states, however, it "[i]s not the Policy." P's October 19, 2011 letter brief, Ex. 1.; see also D's October 19, 2011 letter brief, Ex. A.(attaching the same policy with riders that were not found on Plaintiff's version of the policy). Neither Plaintiff's version of the policy or Defendant's designates CNA or the Hartford as a fiduciary or contain the word fiduciary.

Young v.Hartford Life and Acc. Ins. Co., 2011 WL 4430589, *6(S.D.N.Y. 2011) is similarly unpersuasive because that plan, unlike Plaintiff's plan here, stated:

> "[t]he plan administrator and other plan fiduciaries have discretionary authority to determine Your eligibility for and entitlement to benefits under the Policy. The plan administrator has delegated sole discretionary authority to Continental Casualty Company to determine Your eligibility for benefits and to interpret plan provisions."

Young v.Hartford Life and Acc. Ins. Co., 2011 WL 4430589, *6(S.D.N.Y. 2011). The clear delegation of discretion to CNA in that plan document only serves to highlight its absence in this case. Young does not discuss, however, whether the Hartford was properly re-delegated

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
October 19, 2011
Page 5

discretionary authority or whether it was an appropriate "named fiduciary" to perform a full and fair review of a denied claim arising under a CNA policy.

Schnur v. CTC Communications Corp. Group Disability Plan, 2010 WL 1253481 (S.D.N.Y. 2010) is also distinguishable. In that case, the parties did not dispute that the plan documents vested discretionary authority in the plaintiff's employer and Continental Casualty Company. Id. at * 10. In that case, the court found that the discretion "[e]xercised by CNA was actually granted under the LTD Plan itself, and thus, the administrative services agreement only confirms that CNA had effective final authority over all claims." Id. at * 10, fn.2. As stated above, there is no indication from the plans produced by Plaintiff and Defendant in this case delegated discretionary authority to Defendant in this case. Additionally, the court in Scnur failed to address whether the Hartford was a "named fiduciary" pursuant to ERISA § 402, [29 U.S.C. § 1102]. See also Teplick v. Boeing Company Employee Health an Welfare Benefit Plan, 2004 WL 1058172, * 7-8 (D.Or.,2004)(holding that the presence of discretionary language in an administrative services agreement, but not in a plan document, fails to justify a deferential standard of review).

For the foregoing reasons, Defendant has failed to satisfy its heavy burden to show that it was vested with discretionary authority in a plan document or even a "named fiduciary". Kinstler v. First Reliance Standard Life Ins. Co, 181 F.3d 243, 249(2d. Cir. 2009)( holding the plan administrator bears the burden of proving that the arbitrary and capricious standard of review)(citing Sharkey v. Ultramar Energy Ltd., 70 F.3d 226, 230 (2d Cir.1995). Thus, this Court should review this case under the *de novo* standard of review.

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
October 19, 2011
Page 6

**Discovery under the *De Novo* Standard of Review**

Plaintiff's rights to discovery in this ERISA governed long term disability case are co-extensive with the rights of any other litigant under the Federal Rules of Civil Procedure. The issues Defendant conflates in its brief are: 1) the right of Plaintiff to engage in discovery; and 2) the authority of a court or jury to take that discovery into consideration in rendering its determination. In the Southern District, the rule is that a disappointed plan beneficiary's right to engage in discovery is coextensive with that of any other Plaintiff bringing a breach of contract action under the Federal Rules of Civil Procedure. Mergel v. Prudential Life Ins. Co. Of Am., 2009 WL 2849084, 2 (S.D.N.Y.,2009) (relying on Metropolitan Life Insurance Company v. Glenn, 128 S. Ct. 2343 (2008) in allowing discovery consistent with Fed.R.Civ.P. 26(b)(1)); Hogan-Cross v. Metropolitan Life Ins. Co., 568 F. Supp.2d 410 (S.D.N.Y. 2008)(holding Glenn "[a]brogated the limitations on discovery unique to ERISA cases" and ordering the defendant to respond to discovery seeking information regarding the compensation of the persons involved in evaluating, advising upon, or determining the plaintiff's eligibility for continued benefits).

Whether a Court will take the additional information uncovered during discovery into consideration during a *de novo* review is governed by two Second Circuit cases, DeFelice v. American International Life Assurance Co. of N.Y., 112 F.3d 61 (2d Cir. 1997) and Locher v. UNUM Life Insurance Co. of America, 389 F.3d 288(2d Cir. November 12, 2004). While a District Court's *de novo* review of an ERISA plan determination may be limited to the "administrative record," a court may admit and consider additional evidence gathered during discovery for good

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
October 19, 2011
Page 7

cause. DeFelice 112 F.3d at 66; see also Locher 389 F.3d at 293-96.

In Locher, the Second Circuit clarified what constitutes good cause:

> We take this opportunity to clarify our holding in DeFelice and make plain that a conflict of interest does not *per se* constitute "good cause" to consider evidence outside of the administrative record upon a *de novo* review of factual issues bearing on an administrator's denial of ERISA benefits
>
> * * *
>
> [W]e held in DeFelice that "good cause" existed not merely because the claims reviewer and claims payor were the same entity, but also because the procedures employed in arriving at the claim determination were flawed.
>
> * * *
>
> Where sufficient procedures for initial or appellate review of a claim are lacking,[1] there exists greater opportunities for a conflict of interest to be exacerbated and, in such a case, the fairness of the ERISA appeals process cannot be established using only the record before the administrator. In such circumstances, as we stated in DeFelice, the district court may assume an active role in order to ensure a comprehensive and impartial review of the case.
>
> * * *
>
> We hold that a conflicted administrator does not *per se* constitute good cause, and caution district courts that a finding of a conflicted administrator alone should not be translated necessarily into a finding of good cause. In the case at hand, we hold that the District Court's finding of good cause is bolstered in part by the finding that there were insufficient procedures for internal or appellate review. In so finding, we do not conclude that a finding of a conflicted administrator standing alone, can ever constitute good cause. . . [i]t may be possible for good casue to rest entirely on the existence of a conflicted administrator.

Locher, 389 F.3d. At 294-296.

---

[1] Parenthetically, neither of the competing policies attached to the parties' October 19, 2011 submissions contain any administrative appeal procedures.

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
October 19, 2011
Page 8

Significantly, the determination of whether it was permissible to introduce and consider additional evidence was made based on the evidence adduced through discovery and during a full three-day bench trial. See Locher v. UNUM Life Insurance Company of America, 2002 WL 362769 (S.D.N.Y. 2002). Indeed, the Second Circuit and its district courts freely endorse an ERISA litigants' rights to full discovery and a trial with live testimony before deciding whether it will take this information into consideration in rendering a decision on the merits. See e.g., Masella v. Blue Cross & Blue Shield of Connecticut, Inc., 936 F.2d 98 (2d Cir. 1991) (the Court found no error in the district court's use of expert testimony for assistance in interpreting the plan provisions); Allen v. The Katz Agency, Inc. Employee Stock Ownership Plan, 677 F.2d 193 (2d Cir. 1982)(district court conducted a full trial on the merits and assessed witness credibility). MacMillan v. Provident Mut. Life Ins. Co. of Philadelphia, 32 F.Supp.2d 600 (W.D.N.Y.1999)(summary judgment motions denied and case set down for trial); Napoli v. First Unum Life Ins. Co., 2005 WL 167598, 3 (S.D.N.Y.2005)(holding that a trial in an ERISA *de novo* case should be conducted "[t]he old-fashioned way: by hearing the testimony of each witness in person, subject to cross-examination"); see also Sheehan v. Metropolitan Life Ins. Co., 2002 W.L. 1424592(S.D.N.Y. 2002)(holding that in an ERISA benefits action one of the proper subjects for discovery is whether MetLife had a conflict of interest when it terminated plaintiff's benefits); Harris v. Donnelly, 2000 WL 1838308 (S.D.N.Y. 2000)(holding plaintiff entitled to discovery designed to uncover whether defendants' denial of her long term disability benefits was influenced by a conflict of interest);Krizek v. CIGNA Group Ins., 345 F.3d 91, 97- 98 Fn.2 (2d Cir. 2003)(embracing holding in Sheehan); Zervos v.

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
October 19, 2011
Page 9

Verizon New York, 252 F.3d 163, 174 (2d Cir. 2001)(remanding to district court agreeing that plaintiff might develop evidence of conflict of interest through discovery); Thompson v. General Electric Co., 2002 WL 482862, *1-*2 (S.D.N.Y. 2002)(holding where employee benefit plan vested plan administrator with discretion, court would, nonetheless, apply *de novo* standard of review to motion to dismiss because conflict discovery had not been conducted).

### Defendant's Argument that Plaintiff Has to Show Good Cause for Discovery is Circular

As demonstrated by the case law above, a party must first engage in discovery to show whether the information gathered during discovery is admissible. In Anderson v. Sotheby's Inc. Severance Plan, 2004 WL 5402553 (S.D.N.Y. 2004), Magistrate Judge Douglas F. Eaton explained this less-than-good-cause requirement, stating, "[i]f a plaintiff were forced to make a full good cause showing just to obtain discovery, then he would be faced with a vicious circle: To obtain discovery, he would need to make a showing, that in many cases, could be satisfied only with the help of discovery." *Id*. at *6-7. .

### Good Cause

To the extent this Court requires some showing of "good cause" to conduct discovery, it need look no further than Defendant's selection of Dr. Dennis Payne from among the thousands of rheumatologists in the United States to perform the medical peer review that formed the basis of Defendant's claim denial. As the attached redacted reports of Dr. Payne show (Ex. 6.), Dr. Payne has a good history of denying claims, of females, who suffer from fibromyalgia. Dr. Payne finds in each report that each claimant has no restrictions or limitations or is capable of unrestricted work.

Hon. Jed S. Rakoff
United States District Court
Southern District of New York
October 19, 2011
Page 10

cf P's October 19, 2011 Ex. 3.   Such homogeneity of cases and findings leads to the reasonable conclusion that Dr. Payne is selected for his ability to find people who suffer from fibromyalgia, such as Plaintiff, capable of returning to work.

If Dr. Payne was selected as the peer review physician for Ms. Joyner's claim due to his pre-disposition to finding fibromyalgia sufferers not disabled, then this would be strong evidence that financial bias played a roll in Defendant's adverse claim determination and "good cause" to conduct discovery.

## CONCLUSION

For the reasons stated above and in Plaintiff's October 19, 2011 letter brief, this Court should allow discovery to proceed in this action according to the Federal Rules of Civil Procedure.

Dated: Garden City, New York

    October 26, 2011        By: _____

                                                Michail Z. Hack
                                                QUADRINO SCHWARTZ
                                                666 Old Country Road, Suite 900
                                                Garden City, New York 11530
                                                (516) 745-1122
                                                mzh@quadrinoschwartz.com

cc: All Counsel via ECF