UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

RAMONA JOYNER,

Plaintiff,

-against-

CONTINENTAL CASUALTY COMPANY,

Defendant.

-----------------------------------------------------------X

Civil Action No.:
11 Civ. 6005 (JSR)

DOCUMENT
ELECTRONICALLY FILED

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO CHANGE VENUE TO THE WESTERN DISTRICT OF VIRGINIA**

SEDGWICK LLP
Attorneys for Defendant
HARTFORD LIFE GROUP INSURANCE COMPANY
incorrectly sued herein as Continental Casualty Company
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
(Sedgwick File No. 02489-000154)

Michael H. Bernstein
John T. Seybert
Betsy D. Baydala
*Of Counsel*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..... ii

PRELIMINARY STATEMENT ..... 1

FACTUAL BACKGROUND ..... 2

PROCEDURAL HISTORY ..... 3

ARGUMENT ..... 3

POINT I:

JOYNER'S ACTION SHOULD BE DISMISSED ON THE BASIS OF IMPROPER VENUE ..... 3

A. Joyner's ERISA Action Was Not Properly Brought in this District ..... 4

POINT II:

IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER JOYNER'S ACTION TO THE WESTERN DISTRICT OF VIRGINIA ..... 6

A. Venue is Proper in the Western District of Virginia ..... 6

B. In the Interest of Justice, This Court Should Transfer This Case to the Western District of Virginia ..... 7

1. Locus of Operative Facts ..... 8

2. Joyner's Choice of Forum Is Not Entitled to Any Deference ..... 8

3. Convenience Favors the Western District of Virginia ..... 9

4. Trial Efficiency Favors Transfer to the Western District of Virginia ..... 10

CONCLUSION ..... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amersham Pharmacia Biotech, Inc.* v. *Perking-Elmer Corp.*,
11 F.Supp.2d 729 (S.D.N.Y. 1998) .......... 7

*Barnes* v. *Hartford Life & Acc. Ins. Co.*,
No. 07-12141, 2008 WL 4298466 (E.D. Mich. Sept. 12, 2008) .......... 1

*Barnum* v. *Mosca*,
No. 1:08-CV-567 (LEK/RFT), 2009 WL 982579 (N.D.N.Y. Apr. 13, 2009) .......... 4, 5

*Cent. National-Gottesman, Inc.* v. *M.V. Gertrude Oldendorff*,
204 F.Supp.2d 675 (S.D.N.Y. 2002) .......... 3

*Chapman* v. *ChoiceCare Long Term Disability Plan*,
228 F.3d 506 (2d Cir. 2002) .......... 5

*Cole* v. *Central States Southeast Areas Health & Welfare Fund*,
225 F.Supp.2d 96 (D.Mass. 2002) .......... 4

*Faber* v. *Metropolitan Life Ins. Co.*,
No. 08 Civ. 10588(HB), 2009 WL 3415369 (S.D.N.Y. Oct. 23, 2009) .......... 3

*Frankton* v. *Metropolitan Life Ins. Co.*,
No. 09-2184, 2011 WL 1977617 (4th Cir. May 23, 2011) .......... 9

*Garg* v. *Winterthur*,
No. 05 Civ. 5870(LTS), 2007 WL 136263 (S.D.N.Y. Jan. 18, 2007) .......... 4, 6

*Girgis* v. *Hartford Life and Accident Ins. Co.*,
No. 2:10-cv-05279, 2011 WL 2115814 (D.N.J. May 25, 2011) .......... 10

*Hertz Corp. v. Friend*,
130 S.Ct. 1181 (2010) .......... 5

*In re Principal U.S. Property Account Litigation*,
No. 09 Civ. 9889(CM), 2010 WL 1645042 (S.D.N.Y. Apr. 22, 2010) .......... 6, 7, 8, 9

*Ins. Co. of N. Am.* v. *S/S Ro Ro Genova*,
661 F.Supp. 1578 (S.D.N.Y. 1987) .......... 6

*International Shoe Co.* v. *Washington*,
326 U.S. 310 (1945) .......... 4

*Laub* v. *Aetna Life Ins. Co.*,
549 F.Supp.2d 571 (S.D.N.Y. 2008) .......... 9

*Lee* v. *Burkhart*,
991 F.2d 1004 (2d Cir. 1993) ........................................ 5

*Miller* v. *United Welfare Fund*,
72 F.3d 1066 (2d Cir. 1995) ........................................ 9

*Prakash* v. *Clinton*,
No. 08 Civ. 09482 (BSJ), 2010 WL 668816 (S.D.N.Y. Feb. 25, 2010) ........................................ 3, 4

*Reddy* v. *Carpal Holdings Ltd.*,
No. 09 Civ. 4951 (DC), 2010 WL 1379844 (S.D.N.Y. Mar. 31, 2010) ........................................ 4

*Retirement Plan of Unite Here Nat. Retirement Fund* v. *Village Resorts, Inc.*,
No. 08 Civ. 4249 (RPP), 2009 WL 255860 (S.D.N.Y. Feb. 3, 2009) ........................................ 4

*Roshinsky* v. *Reynolds*,
No. 06-CV-6340 (CJS), 2008 WL 2827528 (W.D.N.Y. Jul. 21, 2008) ........................................ 4, 5

*Schnur* v. *CTC Communications Corp. Group Disability Plan*,
621 F.Supp.2d 96 (S.D.N.Y. 2008) ........................................ 5

*Seitz* v. *Board of Trustees of The Pension Plan of the New York State Teamsters Conference Pension and Retirement Fund*,
953 F.Supp. 100 (S.D.N.Y. 2002) ........................................ 4

*Sprinzen* v. *Supreme Court of The State of New Jersey*,
478 F.Supp. 722 (S.D.N.Y. 1979) ........................................ 4

*Steger* v. *Delta Airlines, Inc.*,
382 F.Supp.2d 382 (E.D.N.Y. 2005) ........................................ 3

*U.S. Securities and Exchange Commission* v. *Kearns*,
No. 09 Civ. 2296 (DLC), 2009 WL 2030235 (S.D.N.Y. Jul. 14, 2009) ........................................ 7, 8

*Whitehaus Collection* v. *Barclay Products, Limited*,
No. 11 Civ. 217(LBS), 2011 WL 4036097 (S.D.N.Y. Aug. 29, 2011) ........................................ 6, 7, 8, 9

*Young* v. *Hartford Life & Acc. Ins. Co.,*
No. 09 Civ. 9811(RJH), 2011 WL 4430859 (S.D.N.Y. Sept. 23, 2011) ........................................ 1

**Statutes**

28 U.S.C. §1404 ........................................ 1, 2, 6, 10

28 U.S.C. §1406 ........................................ 3

29 U.S.C. §1132 ........................................ 2, 3, 4, 5, 6, 8

Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ........................................ 1

ERISA §502 .......... 2, 3, 4, 5, 6, 8

FED. R. CIV. P., RULE 12(B)(3) .......... 1, 3, 6

**PRELIMINARY STATEMENT**

Defendant Hartford Life Group Insurance Company ("Hartford") incorrectly sued herein as Continental Casualty Company ("Continental") respectfully submits this Memorandum of Law in support of its motion, pursuant to Rule 12(b)(3), FED. R. CIV. P., for an order dismissing Plaintiff Ramona Joyner's ("Joyner") Complaint on the grounds of improper venue, or in the alternative, for an order transferring the venue of this action to the U.S. District Court for the Western District of Virginia pursuant to 28 U.S.C. §1404(a).

In this action, Joyner seeks an award of long-term disability ("LTD") benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA"). Specifically, Joyner alleges that Hartford's decision to terminate her claim for LTD benefits effective January 29, 2010 was arbitrary and capricious.

Joyner, a Virginia resident, was employed by Computer Sciences Corporation ("CSC") in Virginia and enrolled as a participant in CSC's LTD Plan (the "Plan"). CSC maintains its headquarters in Virginia. Continental, a resident of Illinois, originally issued the group policy to CSC to fund benefits under the Plan. Hartford, a Connecticut resident, subsequently purchased the Continental group disability business and assumed the administration of claims under the policy as Continental's successor-in-interest.[1] None of the claims or parties to this case have any relationship with or nexus to the State of New York. Indeed, the only connection to New York is Joyner's

---

[1] On November 30, 2003, Continental sold its group disability insurance business to Hartford. The policy was subsequently amended to reflect that Hartford is the claim fiduciary vested with full discretionary authority to interpret the plan terms and to determine participants' eligibility for benefits. (*See* Declaration of Joe Maggio dated November 2, 2011 ("Maggio Dec.") Exhibit "A" at 019-20). Several courts that have addressed this issue have found that Hartford is Continental's successor-in-interest and is the Plan's claim fiduciary vested with full discretionary authority to render claim determinations. *See Barnes* v. *Hartford Life & Acc. Ins. Co.*, No. 07-12141, 2008 WL 4298466, *2 (E.D. Mich. Sept. 12, 2008) (finding Hartford, as successor-in-interest to CNA, the original successor-in-interest to Continental, was vested with full discretionary authority under the Plan); *Young* v. *Hartford Life & Acc. Ins. Co.,* No. 09 Civ. 9811(RJH), 2011 WL 4430859, *6 (S.D.N.Y. Sept. 23, 2011); *see also Schnur* v. *CTC Communications Corp. Group Disability Plan*, No. 05-cv-3297(RJS), 2010 WL 1253481, *10 (S.D.N.Y Mar. 29, 2010) *aff'd* 413 Fed. Appx. 377 (2d Cir. 2011).

counsel's office location (which is located in the Eastern District of New York). Pursuant to ERISA's express venue provision, Joyner was required to bring this action "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found…" ERISA §502(e)(2), 29 U.S.C. §1132(e)(2). Since the Southern District of New York is not one of the enumerated districts for placement of venue under ERISA based on the relevant facts of Joyner's claim, this action is not properly venued in this district.

Accordingly, pursuant to Rule 12(b)(3), FED. R. CIV. P., this Court should dismiss this action based on improper venue. In the alternative, pursuant to 28 U.S.C. §1404(a), this Court should order that the venue of this matter be transferred to the Western District of Virginia, where Joyner should have originally commenced this case.

**FACTUAL BACKGROUND**

At all relevant times, Joyner has resided and continues to reside in Danville, Virginia. (*See* Declaration of Michael H. Bernstein dated November 4, 2011, Exhibit "B", ¶1 ("Complaint")). Joyner was employed by CSC and a participant in CSC's LTD Plan. CSC maintains its headquarters in Virginia, which is where the LTD Plan is located and administered. *See* Bernstein Dec. Ex. "D". Benefits under the Plan were originally funded by a group policy of insurance issued by Continental, an Illinois corporation, and subsequently assumed by Hartford, a Connecticut corporation. *See* Maggio Dec. Ex. "A" at 001, 019-20.

Joyner alleges that she became disabled on July 19, 2005 and that she filed a claim for LTD benefits under the Plan. (Complaint, ¶¶10, 13). Hartford initially approved Joyner's claim and she received LTD benefits payments commencing on August 19, 2005. (*Id.* at ¶14). On January 29, 2010, Hartford denied Joyner's claim for continuing LTD benefits under the Plan. (Complaint, ¶15). Following exhaustion of the available administrative appeal, Joyner brought this ERISA action pursuant to ERISA §502(a)(1)(B); 29 U.S.C. §1132(a)(1)(B) seeking an order awarding her benefits and declaring that she remains disabled under the terms of the Plan. (*Id.* at ¶¶19, 20).

## PROCEDURAL HISTORY

For a discussion of the procedural history of this matter, this Court is respectfully referred to the Declaration of Michael H. Bernstein dated November 4, 2011 ("Bernstein Dec."), which is simultaneously filed with this memorandum of law.

## ARGUMENT

### POINT I
### JOYNER'S ACTION SHOULD BE DISMISSED ON THE BASIS OF IMPROPER VENUE

28 U.S.C. §1406(a) provides that the "district court of a district in which is filed a case laying venue in the *wrong* division or district shall dismiss or if it be in the interest of justice, transfer such a case to any district or division in which it could have been brought." *Id.* (Emphasis added). A defendant may raise a defense of improper venue by a motion to dismiss pursuant to Rule 12(b)(3), FED. R. CIV. P.[2] When deciding a motion to dismiss for improper venue, the Court "has to accept facts alleged in the complaint as true and must construe all reasonable inferences in favor of the plaintiff." *Prakash* v. *Clinton*, No. 08 Civ. 09482 (BSJ), 2010 WL 668816, *3 (S.D.N.Y. Feb. 25, 2010) citing *Cent. National-Gottesman, Inc.* v. *M.V. Gertrude Oldendorff*, 204 F.Supp.2d 675, 677 (S.D.N.Y. 2002). The Court may also examine the relevant plan documents to determine whether venue is properly laid in the District. *Steger* v. *Delta Airlines, Inc.*, 382 F.Supp.2d 382, 385 (E.D.N.Y. 2005) ("Because the Plan is directly referenced in the complaint and is the basis of this action, the Court may consider the Plan in deciding the motion to dismiss."); *see also Faber* v. *Metropolitan Life Ins. Co.*, No. 08 Civ. 10588(HB), 2009 WL 3415369, *1 n.1 (S.D.N.Y. Oct. 23, 2009). On a motion to dismiss under Rule 12(b)(3), the plaintiff bears the burden of proving that venue in this district is proper. *Reddy* v. *Carpal Holdings Ltd.*, No. 09 Civ. 4951 (DC), 2010 WL 1379844, *5 (S.D.N.Y. Mar. 31, 2010); *Prakash*, 2010 WL 668816, *3.

---

[2] Hartford preserved its right to challenge venue by raising it as an affirmative defense in its Answer to Complaint. (Bernstein Dec., Ex. "C," Twelfth Affirmative Defense).

**A. <u>Joyner's ERISA Action Was Not Properly Brought in this District</u>**

Joyner was required to comply with ERISA's venue provision, which expressly limits where a claimant can file an action seeking benefits under ERISA §502. Specifically, ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), provides that an action seeking benefits can only be brought in the district (1) "where the plan is administered"; (2) "where the breach took place"; or (3) "where the defendant resides or may be found."

As a matter of law, a Plan is administered in the district where it is "managed" or "directed." *Retirement Plan of Unite Here Nat. Retirement Fund* v. *Village Resorts, Inc.*, No. 08 Civ. 4249 (RPP), 2009 WL 255860, *3 (S.D.N.Y. Feb. 3, 2009); *Sprinzen* v. *Supreme Court of The State of New Jersey*, 478 F.Supp. 722, 723 (S.D.N.Y. 1979). Moreover, "for purposes of the ERISA venue statute, the place of breach occurs where the plaintiff is to receive [her] benefits." *Barnum* v. *Mosca*, No. 1:08-CV-567 (LEK/RFT), 2009 WL 982579, *3 (N.D.N.Y. Apr. 13, 2009); *Roshinsky* v. *Reynolds*, No. 06-CV-6340 (CJS), 2008 WL 2827528, *3 (W.D.N.Y. Jul. 21, 2008) (holding that the breach occurred where "Plaintiff has historically received the benefits that he now claims are being denied him"); *see also*, *Cole* v. *Central States Southeast Areas Health & Welfare Fund*, 225 F.Supp.2d 96, 98 (D.Mass. 2002) (affirming that "the place of breach is the place where payment was to be received"). Finally, in order to be "found" in a district, the defendant must have "minimum contacts" as set forth in *International Shoe Co.* v. *Washington*, 326 U.S. 310 (1945). *See Seitz* v. *Board of Trustees of The Pension Plan of the New York State Teamsters Conference Pension and Retirement Fund*, 953 F.Supp. 100, 102 (S.D.N.Y. 2002). "In the context of ERISA actions, courts have determined that a defendant is found for purposes of venue where there was some purposeful activity in the district in connection with the administration of the relevant ERISA plan." *Garg* v. *Winterthur*, No. 05 Civ. 5870(LTS), 2007 WL 136263, *2 (S.D.N.Y. Jan. 18, 2007).

Here, Joyner cannot establish that she properly brought this ERISA action in this district. First, at the time Joyner's LTD benefits were terminated, the Plan was located and administered at

CSC's corporate headquarters in Virginia. *See* Bernstein Dec. Ex. "D".[3] Second, the alleged "breach" took place in Virginia, where Joyner resides and where she expects to receive the LTD benefit payments at issue. *See Barnum*, 2009 WL 982579, *3; *Roshinsky*, 2008 WL 2827528, *3. Third, in the context of this ERISA action, the only proper party defendant is the ERISA Plan. ERISA §502(d)(1), 29 U.S.C. §1132(d)(1); *see also*, *Chapman* v. *ChoiceCare Long Term Disability Plan*, 228 F.3d 506, 509 (2d Cir. 2002); *Lee* v. *Burkhart*, 991 F.2d 1004, 1009 (2d Cir. 1993); *Schnur* v. *CTC Communications Corp. Group Disability Plan*, 621 F.Supp.2d 96, 109 (S.D.N.Y. 2008). Accordingly, for the purpose of determining whether venue is proper in this district, the Court should only consider the CSC LTD Plan's connection to New York since the Plan is the only proper defendant in this action.[4] However, the CSC LTD Plan cannot be "found" in this district because there has been no purposeful activity in this district with respect to the Plan's administration. Joyner has not alleged that any premium payments in connection with the CSC LTD Plan were sent to this district, that any contributions to the Plan were sent from this district, or that the CSC LTD Plan was administered in this district. As discussed above, CSC's LTD Plan is currently located and administered in Virginia. *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192-93 (2010) (holding that a corporation's "nerve center" is usually where it maintains its headquarters). Moreover, Joyner lived and worked in Virginia when she became a participant in the LTD Plan. (*See* Complaint, ¶1). In addition, she lived in Virginia when she applied for and was initially awarded LTD benefits under the Plan. (*Id.*). Additionally, at the time Joyner's LTD benefits were terminated and the decision upheld on administrative appeal, she was a resident of Virginia. (*Id.*).

[3] CSC's LTD Plan is currently located and administered in Falls Church, Virginia, which is located in the Eastern District of Virginia. *See* Bernstein Dec. Ex. "D".

[4] Hartford does not dispute that it is the financially responsible party for payment of LTD benefits to Joyner, if any benefits are found to be due and owing.

Accordingly, even viewing Joyner's allegations in her Complaint in the light most favorable to her, there is no valid basis to establish that venue is proper here and the Court should therefore dismiss this action pursuant to Rule 12(b)(3), FED. R. CIV. P. *See Garg*, 2007 WL 136263, *2.

**POINT II**
**IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER JOYNER'S ACTION TO THE WESTERN DISTRICT OF VIRGINIA**

To the extent this Court determines that dismissal is not appropriate in this instance, it is respectfully requested that, in the interest of justice, this action be transferred to the Western District of Virginia, where this action should have originally been brought. Pursuant to 28 U.S.C. §1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a) requires satisfaction of a two-part test: First, the Court must determine whether the proposed venue is one where the action could have originally been brought. *See Whitehaus Collection* v. *Barclay Products, Limited*, No. 11 Civ. 217(LBS), 2011 WL 4036097, *1 (S.D.N.Y. Aug. 29, 2011) citing *Ins. Co. of N. Am.* v. *S/S Ro Ro Genova*, 661 F.Supp. 1578, 1579 (S.D.N.Y. 1987). Second, the Court must determine whether the proposed transfer is "in the interest of justice" and "for the convenience of the parties and witnesses." *Id.* The Court has "broad discretion in making determinations of convenience [and fairness] under Section 1404(a)." *Id.* at *2; *In re Principal U.S. Property Account Litigation*, No. 09 Civ. 9889(CM), 2010 WL 1645042, *2 (S.D.N.Y. Apr. 22, 2010).

**A. Venue is Proper in the Western District of Virginia**

As discussed in detail above, an action seeking benefits under ERISA §502(a) can only be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." ERISA §502(e)(2); 29 U.S.C. §1132(e)(2). Accordingly, Joyner could have (and should have) brought this action in the Western District of Virginia, which is the

district where the alleged "breach took place." *See* POINT I(A), *supra* (discussing that the alleged "breach took place" in Virginia, where Joyner expected to receive the continuing LTD benefit payments at issue). Since Joyner could have brought this action in the Western District of Virginia, this Court must also determine whether, in the interest of justice, it is the more appropriate venue given the specific circumstances of this case.[5]

### B. **In the Interest of Justice, This Court Should Transfer This Case to the Western District of Virginia**

In deciding whether a case should be transferred to another venue in the interest of justice, this Court has generally considered numerous factors, including:

> (1) [T]he convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances.

*Whitehaus Collection*, 2011 WL 4036097, *2 citing *Amersham Pharmacia Biotech, Inc.* v. *Perking-Elmer Corp.*, 11 F.Supp.2d 729, 730 (S.D.N.Y. 1998); *U.S. Securities and Exchange Commission* v. *Kearns*, No. 09 Civ. 2296 (DLC), 2009 WL 2030235, *2 (S.D.N.Y. Jul. 14, 2009).

Here, none of the above-listed factors weigh in favor of keeping this action venued in the Southern District of New York. Rather, to the extent the other factors have any applicability to this case, they all weigh in favor of transfer to Virginia.[6]

---

[5] CSC's LTD Plan is currently located and administered in the Eastern District of Virginia. *See* Bernstein Dec. Ex. "D". However, given that the Western District of Virginia is Joyner's home forum, it is respectfully submitted that the more reasonable venue to transfer this action to is the Western District of Virginia.

[6] Factors 2 (location of relevant evidence), 6 (relative means of the parties), 7 (familiarity with governing law) are transfer neutral and not relevant to this Court's consideration. *See In re Principal*, 2010 WL 1645042, *5 -*6.

**1. Locus of Operative Facts**

"The locus of operative facts is traditionally an important consideration in the transfer analysis." *In re Principal*, 2010 WL 1645042, *5; *see also*, *Whitehaus Collection*, 2011 WL 4036097, *6. Joyner's Complaint demonstrates that the operative facts on which her Complaint is based occurred primarily in Virginia, whereas none of the operative facts occurred in New York.

Virginia is where Joyner lived and worked for CSC when she became a participant in the LTD Plan and when she applied for LTD benefits. (*See* Complaint, ¶1). Joyner lived in Virginia when Hartford initially awarded her LTD benefits and Virginia is where she received LTD payments under the Plan. (*Id.*). Thus, Joyner resided in Virginia during all relevant periods of time through to today. (*Id.*). Furthermore, Virginia is where Joyner expects to receive the LTD payments at issue in this lawsuit if she ultimately prevails in this action. In addition, CSC's corporate headquarters is located Virginia, which is where the LTD Plan is located and administered. *See* Bernstein Dec. Ex. "D".

Accordingly, there are no activities relevant to this case that occurred in New York. The only noticeable connection to New York identified in Joyner's Complaint is that her attorney's office is located in Garden City, New York. However, Garden City is actually located in the Eastern District of New York. Therefore, not even Joyner's counsel's office is connected to this district. As a result, it is indisputable that the "locus of operative facts" analysis favors transfer to Virginia. *See Kearns*, 2009 WL 2030235, *2.

**2. Joyner's Choice of Forum Is Not Entitled to Any Deference**

As discussed in detail above, Joyner failed to commence this ERISA action in a proper venue pursuant to ERISA §502(e)(2); 29 U.S.C. §1132(e)(2). *See* POINT I, *supra*. Therefore, Joyner's choice of venue should not be afforded any deference as a matter of law.

Nevertheless, to the extent this Court considers this factor, it is important to note that while ERISA plaintiffs are ordinarily entitled to heightened deference to their choice of venue in which to

pursue their claims, this factor is not dispositive of a motion to transfer venue. *See In re Principal*, 2010 WL 1645042, *3, *6 (granting motion to transfer venue despite this Court according "great weight" to the ERISA plaintiff's choice of forum). As this Court has held, a plaintiff's choice of forum should be entitled to less deference when the forum selected is not the plaintiff's home district or where the operative facts have no connection to the chosen district. *Whitehaus Collection*, 2011 WL 4036097, *3; *In re Principal*, 2010 WL 1645042, *3.

Here, this forum is not Joyner's home district. Rather, her home district is the Western District of Virginia. (*See* Complaint, ¶1). Furthermore, as discussed above, the operative facts have no connection to this district. *See* POINT II(B)(1), *supra*. Accordingly, this Court should not give Joyner's choice of forum any deference. *See Whitehaus Collection*, 2011 WL 4036097, *3.

**3. Convenience Favors the Western District of Virginia**

With respect to the convenience of the parties and witnesses, no witnesses or parties are located in New York.[7] Joyner lived and worked in Virginia at all times relevant to this action and all of her medical treatment also occurred in Virginia. Joyner's location should thus weigh heavily in favor of a transfer to her home district in Virginia. The Western District of Virginia is certainly a more convenient forum for Joyner, not only because she resides in Virginia, but also because she is allegedly physically disabled due to cervical spine degenerative joint disease and chronic fatigue syndrome. (Complaint, ¶12). Therefore, Joyner will be relieved from the cost and burden of traveling to New York for proceedings in this case if this action is transferred to Virginia.

As previously noted, the only person involved in this litigation with any connection to New York is Joyner's attorney; however, the convenience of Joyner's attorney is not a factor that this

[7] The convenience of witnesses is not a relevant factor here because the Plan vested Hartford with full discretionary authority to render claim determinations; therefore, the Court's review is limited to the administrative record under an arbitrary and capricious review. *See Miller* v. *United Welfare Fund*, 72 F.3d 1066, 1071 (2d Cir. 1995); *Laub* v. *Aetna Life Ins. Co.*, 549 F.Supp.2d 571, 574 (S.D.N.Y. 2008); *Frankton* v. *Metropolitan Life Ins. Co.*, No. 09-2184, 2011 WL 1977617, *4 (4th Cir. May 23, 2011) ("A reviewing court's assessment of the reasonableness of an administrator's decision is limited to a review of the documents in the administrative record.").

Court should consider on a venue transfer motion. *See Girgis* v. *Hartford Life and Accident Ins. Co.*, No. 2:10-cv-05279, 2011 WL 2115814, *2 (D.N.J. May 25, 2011) ("The Court is not persuaded that [plaintiff's attorney's] convenience is a factor to be considered, or that it would impose an undue hardship on Plaintiff to find alternative representation in his home state.").

**4. Trial Efficiency Favors Transfer to the Western District of Virginia**

Statistics from the U.S. Courts website (www.uscourts.gov) reveal that docket congestion is significantly greater in this district than it is in the Western District of Virginia. In 2010, 10,883 civil cases were filed in the Southern District of New York, whereas 1,124 civil cases were filed in the Western District of Virginia. (*See* Bernstein Dec. Ex. "E"). Accordingly, trial efficiency favors transfer to the Western District of Virginia.

Upon the balancing of the 28 U.S.C. §1404(a) factors, Hartford has established that transfer to Virginia is favored. None of the relevant factors favor keeping this action in this district, whereas important factors such as the location of the operative facts and the convenience of the parties strongly favor transfer to Virginia. Moreover, Joyner cannot avoid a transfer simply because she filed her lawsuit here. *See Kearns*, 2009 WL 2030235, *5. Accordingly, in the interest of justice, this Court should transfer this action to the Western District of Virginia. *See Girgis*, 2011 WL 2115814, *4 ("The Court is persuaded that in this case, where Plaintiff lives in Texas, where the facts central to the case occurred in Texas, and where the only explanation offered by Plaintiff as to the convenience of New Jersey as a forum is the location of his attorney, the Court must exercise judicial common sense and transfer the case to the Southern District of Texas, the only plausible venue in which it ought be heard.").

**CONCLUSION**

For the foregoing reasons, the Court should grant Hartford's motion to dismiss Joyner's Complaint on the grounds of improper venue or, in the alternative, transfer venue of this case to the Western District of Virginia.

Dated: New York, New York
November 4, 2011

Respectfully submitted,

s/

MICHAEL H. BERNSTEIN (MB 0579)
JOHN T. SEYBERT (JS 5014)
BETSY D. BAYDALA (BB 5165)
SEDGWICK LLP
125 Broad Street, 39th Floor
New York, New York 10004-2400
Telephone: (212) 422-0202
Facsimile: (212) 422-0925
michael.bernstein@sedgwicklaw.com
*Attorney for Defendant*

To: Michail Z. Hack Esq.
QUADRINO & SCHWARTZ
666 Old Country Road
Garden City, New York 11530
Business Phone: (516) 745-1122
Business E-mail: mzh@quadrinoschwartz.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I, BETSY D. BAYDALA, hereby certify and affirm that a true and correct copy of the attached **DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO CHANGE VENUE TO THE WESTERN DISTRICT OF VIRGINIA** was served **via ECF and regular mail** on this 4th day of November, 2011, upon the following:

Michail Z. Hack Esq.
Quadrino & Schwartz
666 Old Country Road
Garden City, NY 11530
Business Phone: (516) 745-1122
Business E-mail: mzh@quadrinoschwartz.com

Dated: New York, New York
November 4, 2011

s/______________________________
BETSY D. BAYDALA (BB 5165)