UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
RAMONA JOYNER

                Plaintiff,

  - against -

CONTINENTAL CASUALTY
COMPANY

                Defendant.
---------------------------------------------------------------x

Case No.: 11-cv-6005 (JSR)

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE**

QUADRINO SCHWARTZ
666 Old Country Road, Suite 900
Garden City, New York 11530
(516) 745-1122
(516) 745-1122 - Fax
mzh@quadrinoschwartz.com

*Attorneys for Ramona Joyner*

Counsel:
Michail Z. Hack

## TABLE OF CONTENTS

## TABLE OF CONTENTS

INTRODUCTION ................................................................... 1

FACTS .......................................................................... 1

LAW ............................................................................ 2

ARGUMENT ....................................................................... 3

POINT I

    VENUE IN THE SOUTHERN
    DISTRICT OF NEW YORK IS APPROPRIATE BECAUSE
    DEFENDANT CNA RESIDES HERE AND MAY BE FOUND HERE .......... 3

POINT II

    DEFENDANT FAILS TO SATISFY ITS CLEAR AND
    CONVINCING BURDEN THAT A TRANSFER IS WARRANTED HERE ...... 5

CONCLUSION ..................................................................... 8

## TABLE OF AUTHORITIES

Ayers v. Arabian American Oil Co., 571 F.Supp. 707, 709 (S.D.N.Y. 1983)............................5

Bastille Properties Inc. v. Hometels of America Inc., 476 F.Supp. 175,182
(S.D.N.Y. 1979) ..........................................................................................................................6

Factors, Etc., Inc.  V. Pro Arts Inc., 579 F.2d. 215, 218 (2d. Cir. 1978).......................................5

Filmline (Cross-Country) Prods., Inc. V. United Artists Corp., 865 F.2d. 513, 521
(2d Cir. 1989). ...........................................................................................................................5

General State Authority (of Pennsylvania) v. Aetna Casualty and Surety Co., 314
F.Supp. 422, 423 (S.D.N.Y. 1970). ..........................................................................................5

Hershman v. UnumProvident Corporation, 658 F. Supp. 2d. 598, 600 (S.D.N.Y. 2007)............6

Marton v. Chase Manhattan Bank, N.A., No. 96 Civ. 697 (D. Conn. Mar. 12, 1998) .................6

Nichols v. Metropolitan Life Ins. Co., 180 F.Supp.2d 413, 416-417 (W.D.N.Y.2001)................4

Pirone v. MacMillan Inc., 894 F.2d 579 (2d.  Cir. 1990)...............................................................5

R.J.H., Inc. v. Oxford Health Plans, Inc. 2009 WL 1362985 at *6
(N.D.N.Y. May 14, 2009)..........................................................................................................4

Roshinksy v. Taxicab Industry Pension Fund, 2010 WL 335088 (W.D.N.Y. 2010)..................... 4

Vartanian v. Monsanto Co. 880 F.Supp. 63, 73 (D.Mass.,1995)..................................................6

Xiu Feng Li v. Hock , 371 Fed.Appx. 171, 175, 2010 WL 1193446, *3(2d. Cir. 2010)...............5

## INTRODUCTION

Plaintiff opposes Defendant's motion for to dismiss or for improper venue on the basis that venue in the Southern District of New York is appropriate under ERISA's liberal venue provision and because Defendant Continental Casualty Company is may be found and resides in the Southern District of New York.

While Defendant argues that transfer of venue will promote the convenience of the parties and the interests of justice, it fails to sustain its heavy burden to overcome Plaintiff's choice of forum.

## FACTS

Plaintiff, Ramona Joyner, is a resident of Danville, Virginia. Bernstein Dec. Ex. B., ¶ 1, Ex. C., ¶ 1.

Defendant, Continental Casualty Company (hereinafter "CNA") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois. Bernstein Dec. Ex. B., ¶ 2, Ex. C. ¶ 2.

Defendant, CNA, is licensed to conduct the business of insurance in the State of New York. Hack Dec. Ex. 4., ¶ 6., Ex. 5. ¶ 6. Further, Defendant CNA resides and may be found in the Southern District of New York. Hack Dec. Ex. 4., ¶ 3., Ex. 5. ¶ 3.

Plaintiff's former employer, Computer Sciences Corporation (Bernstein Dec. Ex.B., ¶ 5, Ex. C., ¶ 5.) employs "97,000 professionals" throughout the United States and around the world. Hack Dec. Ex. 1.

1

Computer Sciences Corporation contracted with Defendant, CNA to provide long term disability benefits to certain eligible employees, such as Plaintiff. Bernstein Dec. Ex. B., ¶¶ 6-7 Ex. C., ¶¶ 6-7.

Computer Sciences Corporation is a foreign business corporation licensed to do business in the State of New York. Hack Dec. Ex. 2. Computer Sciences Corporations conducts its operations in New York at 1 Rockefeller Plaza, New York, New York, 200 Park Avenue New York, New York, and 17 State Street, #134, New York, New York. Hack Dec. Ex. 3.

Under the CNA policy, all active full time New York employees are eligible for coverage under Plaintiff's Computer Sciences Corporation disability plan. Maggio Dec., Ex. A., Bates No.: Joyner 00003. Discovery has yet to be started due to discovery disputes *sub judice* but Plaintiff avers that Computer Sciences Corporation has employees in New York, in this district, eligible for coverage under the Computer Sciences Corporation disability plan.

## LAW

28 U.S.C. § 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. Id.

ERISA § 501(e)(2) [29 U.S.C. § 1132(e)] provides that venue is proper for an ERISA benefits claim in any one of the three following locations: 1) the district where the plan is administered; 2) where the breach took place; or 3) where a defendant resides or may be found. Id

2

## ARGUMENT

### POINT I

### VENUE IN THE SOUTHERN DISTRICT OF NEW YORK IS APPROPRIATE BECAUSE DEFENDANT CNA RESIDES HERE AND MAY BE FOUND HERE

As stated in the fact section above, Defendant, CNA, is licensed to conduct the business of insurance in the State of New York and resides and may be found in the Southern District of New York. Because CNA satisfies the third prong of ERISA's venue provision, it is now Defendant's burden to show that a transfer under 28 U.S.C. § 1404(a) is appropriate for the convenience of parties and witnesses or in the interest of justice. As set forth below, Defendant's fail to shoulder this clear and convincing burden.

Defendant argues that it is not a proper party to this litigation. It further argues that the only proper party defendant is the plan. Def's MOL, p. 5. Thus, Defendant reasons that because the Computer Sciences Corporation plan does not have any "purposeful activity in this district with regard to plan administration," (Def's MOL, p. 5.) it may not be found here. As set forth in the fact section, above, however, the plan does have purposeful activities in this district. Computer Sciences Corporation conducts operations in New York City and its specifically contemplates that its New York employees' will have coverage under the very same CNA policy under which Ms. Joyner is covered.

The disability plan itself, however, is not a necessary party to this action and has not been named as a Defendant. Only CNA was named a Defendant and the courts in this Circuit hold an insurer may be sued as an administrator if the insurer controls the distribution of fund and decides

3

whether or not to grant benefits. Specifically, in Roshinksy v. Taxicab Industry Pension Fund, 2010 WL 335088 (W.D.N.Y. 2010), the court held:

> [i]n a recovery of benefits claim, only the plan and the administrators and trustees of the plan in their capacity as such may be held liable. Insurance companies, even if not designated as plan administrators, could be sued in that capacity if they actually controlled the distribution of funds and decided whether or not to grant benefits under one of the plans.

Id. at *2-*3(citing . R.J.H., Inc. v. Oxford Health Plans, Inc. 2009 WL 1362985 at *6 (N.D.N.Y. May 14, 2009); Nichols v. Metropolitan Life Ins. Co., 180 F.Supp.2d 413, 416-417 (W.D.N.Y.2001).

In the instant case, the Policy provided to Ms. Joyner on February 12, 2010 (Hack Dec. Ex. 7.) specifically designates CNA shall be the entity that pays benefits and decides claims. In relevant part, the Policy provides "[W]e ask that You notify Us of Your claim as soon as possible so that we may make a timely decision on Your claim." Hack Dec. Ex. 7, p. 13. The Policy further provides "[W]e promise to pay benefits for a loss covered by the policy in accordance with its provisions." Hack Dec. Ex. 7, Policy Cover Page. "We" is defined by the policy to mean the "Continental Casualty Company, Chicago, Illinois. Hack Dec. Ex. 7, p. 17.

Plaintiff is cognizant that Defendant has a competing version of the policy which it contends amends the version submitted by the Plaintiff, but discovery must be conducted to determine which policy was in effect at the time her benefits accrued and whether it was properly amended in accord with ERISA's mandates.

For the foregoing reasons, venue is appropriate in the Southern District of New York because Defendant CNA resides and may be found here.

4

## POINT II

## DEFENDANT FAILS TO SATISFY ITS CLEAR AND CONVINCING BURDEN THAT A TRANSFER IS WARRANTED HERE

As will be set forth below, Plaintiff's choice of forum should not be disturbed because Congress' intent in drafting ERISA's liberal venue provision was to expand ERISA plaintiffs' choice of forum and limit the forum choice of corporate fiduciaries. Further, Defendant has failed show that transferring venue to the Western District of Virginia would be for the convenience of the parties or promote the interests of justice as is required under 28 U.S.C. § 1404(a).

### A.     Plaintiff's Choice of the Southern District of New York Should Not be Disturbed

The burden of justifying a transfer of venue lies with the moving party.  Factors, Etc., Inc. V. Pro Arts Inc., 579 F.2d. 215, 218 (2d. Cir. 1978), *abrogated on other grounds by* Pirone v. MacMillan Inc., 894 F.2d 579 (2d. Cir. 1990); see also Xiu Feng Li v. Hock, 371 Fed.Appx. 171, 175, 2010 WL 1193446, *3(2d. Cir. 2010)(citing Filmline (Cross-Country) Prods., Inc. V. United Artists Corp., 865 F.2d. 513, 521 (2d Cir. 1989).

Additionally, "absent a clear and convincing showing, that the balance of convenience strongly favors the alternate forum . . . discretionary transfers are not favored." Ayers v. Arabian American Oil Co., 571 F.Supp. 707, 709 (S.D.N.Y. 1983)(citing General State Authority (of Pennsylvania) v. Aetna Casualty and Surety Co., 314 Fu.Supp. 422, 423 (S.D.N.Y. 1970).  Where the balance of convenience is in equipoise, plaintiff's choice of forum should not be disturbed.

5

Bastille Properties Inc. v. Hometels of America Inc., 476 F.Supp. 175, 182 (S.D.N.Y. 1979). This is even more true in ERISA cases "because Congress' intent in drafting ERISA's liberal venue provision was to expand ERISA plaintiffs' choice of forum and limit the forum choice of corporate fiduciaries." Marton v. Chase Manhattan Bank, N.A., No. 96 Civ. 697 (D. Conn. Mar. 12, 1998) (Hack Dec. Ex. 6.) (citing Vartanian v. Monsanto Co. 880 F.Supp. 63, 73 (D.Mass.,1995).

For the foregoing reasons, this Court should not disturb Plaintiff's choice of venue.

### B. Venue Transfer will not Promote the Convenience of the Parties and Is Not In the Interests Of Justice

To prevail on its motion, CNA must demonstrate that "[t]ransfer promotes convenience **and justice**." Hershman v. UnumProvident Corporation, 658 F. Supp. 2d. 598, 600 (S.D.N.Y. 2007) (emphasis added). To prevail CNA must show that it satisfies both prongs of the above test.

      1.    Transfer of Venue Will not Promote Convenience

In its October 19, 2011 letter brief to this Court (Docket No.: 9), Defendant argues that Ms. Joyner is not entitled to discovery outside of the titular "administrative record." Thus, Defendant axiomatically argues that it Ms. Joyner is not entitled to: 1) paper discovery; 2) witness depositions; 3) expert discovery or depositions; or 4) a trial. Now, Defendant can not simultaneously be heard to complain that a transfer of venue would promote the convenience of the parties where it has already stated that the entire adjudicative process will be based on a paper claim file which has already been produced in this action. Further, CNA fails to explain how it would be inconvenienced by defending this action in this District given that CNA's cases regularly fill the dockets of New York's state and Federal Courts. To the extent Defendant is concerned about the cost of taking Ms. Joyner's deposition in Virginia, Plaintiff will bear the costs of having her deposition taken in New

York.

### 2. Transfer of Venue Will not Promote Justice

Defendant argues that transfer to the Western District of Virgnia will promote justice: 1) due to the convenience of the witnesses; 2) the location of the relevant documents; 3) the convenience of the parties; 4) the locus of the operative facts; 5) the availability of process to compel the attendance of unwilling witnesses; 6) the relative means of the parties; 7) the forum's familiarity with governing law; 8) the weight accorded to plaintiff's choice of forum; and 9) trial efficiency.

Elements "1," "2," "5," and "9," above, all address matters of discovery and trial. Defendant will not concede that Plaintiff is entitled to conduct discovery, depositions or is entitled to a trial. Defendant can not simultaneously argue that Plaintiff is not entitled to discovery or a trial and still be heard to complain that this court should transfer venue, in the interest of justice, to make discovery or a trial easier. Further, with regard to element "2," above, Defendant argues that this Court should only decide this case based on a titular "administrative record." That "administrative record" has already been produced in this case and any issues regarding "2," should be moot, according to Defendant's October 19, 2011 letter brief to this Court (Docket No.: 9).

With regard to the convenience of the parties, number "3," above, Defendant both resides and may be found in this district and is licensed to issue insurance in the State of New York. Litigating here will not be more inconvenient for it than in another other place in the United States.

With regard to number "4," above the locus of the operative facts happened in Plaintiff's counsel's office in New York (as we represented Plaintiff during the claims process) and in Maitland, Florida, where Plaintiff's claim was denied. We fail to see how the Western District of

7

Virginia would be a better forum to resolve this action.

With regard to number "6," above, "the relative means of the parties," Plaintiff respectfully submits that CNA is better off financially than she is and this should not be a factor within this Court's contemplation in deciding whether the interests of justice favor transfer to the Western District of Virginia.

With regard to number "7," above, we are satisfied with and Defendant will concede, undoubtedly, that the Southern District of New York is familiar with the law surrounding actions for benefits under ERISA.

Finally, with regard to number "8," above, this Court should offer substantial deference to Plaintiff's choice of forum for the reasons stated in Point II, A, above.

As set out above, transfer of this action to an alternate forum will neither promote the convenience of the parties nor the interests of justice. Therefore, Defendant's motion to dismiss or transfer venue should be dismissed.

## CONCLUSION

For all of the foregoing reasons, this Court should deny Defendant's motion to dismiss or transfer venue.

Dated: Garden City, New York  
November 18, 2011

QUADRINO SCHWARTZ

By: /s/  
Michail Z. Hack  
Attorneys for Plaintiff *Ramona Joyner*  
666 Old Country Road - Ninth Floor  
Garden City, New York 11530  
(516) 745-112

8

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
RAMONA JOYNER                              :
                                           :    **Case No.: 11-cv-6005 (JSR)**
                   Plaintiff,              :
                                           :
       - against -                         :
                                           :
CONTINENTAL CASUALTY                       :
COMPANY                                    :
                                           :
                   Defendant.              :
-----------------------------------------------------------x

## CERTIFICATION OF SERVICE

I hereby certify that on November 18, 2011, I caused to be electronically filed the attached, **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR TRANSFER VENUE** with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel via ECF filing:

By: _____/s/_____

Michail Z. Hack
QUADRINO & SCHWARTZ, P.C.
Attorneys for Jennifer James
666 Old Country Road - Ninth Floor
Garden City, New York 11530
(516) 745-1122