UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RAMONA JOYNER,                                    Civil Action No.:
                                                  11 Civ. 6005 (JSR)
                 Plaintiff,

  -against-

CONTINENTAL CASUALTY COMPANY,                     DOCUMENT
                                                  <u>ELECTRONICALLY FILED</u>
                 Defendant.
------------------------------------------------------------X

# DEFENDANT'S REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT OF ITS MOTION TO DISMISS
# FOR IMPROPER VENUE OR, IN THE ALTERNATIVE,
# TO CHANGE VENUE TO THE WESTERN DISTRICT OF VIRGINIA

                       SEDGWICK LLP
                       Attorneys for Defendant
                       HARTFORD LIFE GROUP INSURANCE COMPANY
                       incorrectly sued herein as Continental Casualty
                       Company
                       125 Broad Street, 39th Floor
                       New York, New York 10004-2400
                       Telephone: (212) 422-0202
                       Facsimile:  (212) 422-0925
                       (Sedgwick File No. 02489-000154)

Michael H. Bernstein
John T. Seybert
Betsy D. Baydala
   *Of Counsel*

NY/755825v1

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................................ii

PRELIMINARY STATEMENT..............................................................................................................1

ARGUMENT............................................................................................................................................2

    POINT I
    JOYNER FAILED TO ESTABLISH THAT THIS ERISA ACTION IS PROPERLY
    VENUED IN THIS DISTRICT ........................................................................................................2

    POINT II
    ALL OF THE RELEVANT FACTORS UNDER 28 U.S.C. §1404(A) FAVOR TRANSFER
    TO THE WESTERN DISTRICT OF VIRGINIA..............................................................................4

        A.    None of the Facts Occurred in This District ....................................................................5

        B.    Joyner's Choice of Forum Should Not Be Afforded Any Deference ...........................5

        C.    All Other Relevant Factors Favor Transfer to the Western District of Virginia ..........6

CONCLUSION.........................................................................................................................................7

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Garg v. Winterthur*,
No. 05 Civ. 5870 (LTS), 2007 WL 136263 (S.D.N.Y. Jan. 18, 2007) ...................................... 4

*Girgis v. Hartford Life and Accident Ins. Co.*,
No. 2:10-cv-05279, 2011 WL 2115814 (D.N.J. May 25, 2011) .................................................. 6

*Guy v. Hartford Life Group Ins. Co.*,
No. C 11-3453 (SI), 2011 WL 5525965 (N.D.Cal. Nov. 14, 2011) ..................................... 6, 7

*Prakash v. Clinton*,
No. 08 Civ. 09482 (BSJ), 2010 WL 668816 (S.D.N.Y. Feb. 25, 2010) ....................................... 2

*Reddy v. Carpal Holdings Ltd.*,
No. 09 Civ. 4951 (DC), 2010 WL 1379844 (S.D.N.Y. Mar. 31, 2010) ...................................... 2

*Whitehaus Collection v. Barclay Products, Limited*,
No. 11 Civ. 217(LBS), 2011 WL 4036097 (S.D.N.Y. Aug. 29, 2011) ........................................ 6

**Statutes**

28 U.S.C. §1404(a) ................................................................................................................ 1, 2, 4, 7

Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ........................... 1

ERISA §502(e)(2), 29 U.S.C. §1132(e)(2) .............................................................................. 1, 2, 4

FED. R. CIV. P., RULE 12(b)(3). ................................................................................................. 1, 2, 4

**PRELIMINARY STATEMENT**

Defendant Hartford Life Group Insurance Company ("Hartford") incorrectly sued herein as Continental Casualty Company ("Continental") respectfully submits this Reply Memorandum of Law in further support of its motion, pursuant to Rule 12(b)(3), FED. R. CIV. P., for an order dismissing Plaintiff Ramona Joyner's ("Joyner") Complaint on the grounds of improper venue, or in the alternative, for an order transferring the venue of this action to the U.S. District Court for the Western District of Virginia pursuant to 28 U.S.C. §1404(a).

Joyner, a resident of Danville, Virginia, commenced this action in this district seeking an award of long-term disability ("LTD") benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA").  Joyner was employed by Computer Sciences Corporation ("CSC") in its Virginia office and she enrolled as a participant in CSC's LTD Plan (the "Plan"), which is located and administered at CSC's corporate headquarters in Falls Church, Virginia.

After Joyner allegedly became disabled on July 19, 2005, she submitted an application for LTD benefits to Harford (not Continental), the Plan's claim fiduciary.  Hartford approved Joyner's claim for LTD Plan benefits as of August 2005 and Hartford paid Joyner monthly LTD benefits for over four years, during which time Joyner received treatment from her physicians, who are located in Danville, Virginia.  In January 2010, Hartford terminated Joyner's claim for continuing LTD benefits under the Plan.  Joyner commenced this action claiming that Hartford's determination was arbitrary and capricious and that she is entitled to an award of LTD benefits.  If she prevails in this action, Joyner will receive these benefits in Danville, Virginia.

Hartford, a Connecticut company, moved to dismiss this action on the grounds that Joyner failed to commence this action in a proper district pursuant to ERISA's express venue provision because none of the claims or parties in this action have any connection with or nexus to this district.  ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).  In opposition, Joyner failed to identify any legally

1

sufficient proof to dispute Hartford's showing that venue is not proper in this district as a matter of law because Joyner resides in Virginia; the CSC LTD Plan resides in Virginia; the alleged "breach took place" in Virginia; and the administration of the CSC Plan, under which Joyner claims benefits, occurs in Virginia. Accordingly, Joyner's action should be dismissed on the grounds of improper venue pursuant to Rule 12(b)(3), FED. R. CIV. P.

In the alternative, to the extent this Court determines that dismissal is not appropriate in this instance, the interest of justice requires this case be transferred to the Western District of Virginia pursuant to 28 U.S.C. §1404(a). In opposition to Hartford's alternative transfer request, Joyner argues that this Court should defer to her choice of forum. However, as discussed in Hartford's original moving papers and in more detail below, Joyner's choice of forum is not entitled to any deference because this district is not her home forum and there is no connection between this district and any fact giving rise to Joyner's claims. Accordingly, should the Court determine that dismissal is not appropriate, the Court, in the interest of justice, should transfer this action to the Western District of Virginia.

## ARGUMENT

### POINT I
### JOYNER FAILED TO ESTABLISH THAT THIS ERISA ACTION IS PROPERLY VENUED IN THIS DISTRICT

Joyner does not dispute that she bears the burden of proving that venue in this district is proper. *See Reddy v. Carpal Holdings Ltd.*, No. 09 Civ. 4951 (DC), 2010 WL 1379844, *5 (S.D.N.Y. Mar. 31, 2010); *Prakash v. Clinton*, No. 08 Civ. 09482 (BSJ), 2010 WL 668816, *3 (S.D.N.Y. Feb. 25, 2010). Thus, Joyner must establish that (1) the CSC LTD Plan is administered in this district; or (2) the alleged breach took place in this district; or (3) the defendant resides or may be found in this district. ERISA §502(e)(2), 29 U.S.C. §1132(e)(2). Joyner's opposition fails to establish any of these three bases for proper venue. Joyner focuses her argument on the third basis, arguing that the defendant resides or may be found in this district because CNA Financial Services ("CNA"), which

2

is <u>not</u> a party in this action, is licensed to conduct business in New York. (Doc. No. 21, p. 6). To the extent CNA has any association to this case, it was as the original successor-in-interest to Continental, which was then acquired by Hartford on November 30, 2003. (*See* Doc. No. 16-1, p. 20-21). Therefore, ever since July 19, 2005, when Joyner claims she became disabled under the terms of the Plan, the policy explicitly reflected that Hartford was the claim fiduciary vested with full discretionary authority to interpret the plan terms and to determine participants' eligibility for benefits. (*Id.*; *and see* Doc. No. 17-1, ¶10). Accordingly, Joyner submitted her application for LTD Plan benefits to Hartford (not Continental or CNA) and, in September 2005, Hartford initially approved her claim for LTD Plan benefits; in addition, it was Hartford that paid Joyner monthly LTD benefits for over four years and, in January 2010, it was Hartford that terminated her LTD Plan benefits. (*See* Declaration of Michael H. Bernstein dated November 29, 2011 ("Bernstein Dec."), Ex. "F"). CNA is not a defendant in this action and has no connection to the facts underlying Joyner's claims in this case. Consequently, that CNA is licensed to conduct business in New York simply has no bearing on whether the named defendant, Continental, or the real defendant in interest, Hartford "resides or may be found" in this district.[1]

Finally, as discussed in detail in Hartford's original moving papers, the relevant determination for assessing whether venue is proper in this district under ERISA's third prong is whether the CSC Plan had some purposeful activity in this district with respect to the administration of the Plan. (Doc. No. 18, pp. 9-10). In opposition, Joyner argues that the CSC Plan has "purposeful activities in this district" because CSC has offices in Manhattan and the CSC Plan

---

[1] Moreover, Joyner failed to submit any proof in her opposition that Hartford, a Connecticut company, is located or found in this district. Additionally, to the extent Joyner mistakenly identifies CNA as the defendant in this action instead of Continental (the party she incorrectly named in the caption), the only proof submitted in Joyner's opposition confirms that neither CNA nor Continental have any connection to New York because they are both Illinois corporations with their principal places of businesses in Chicago, Illinois. (Doc. No. 21, pp. 4, 7).

3

contemplates that CSC's New York based employees will enroll as participants in the Plan. (Doc. No. 21, p. 6). However, CSC's employment of people in Manhattan has no relation to Joyner's claims in this action, particularly since Joyner admittedly worked at CSC's Virginia location and there is no evidence to suggest that she ever worked in CSC's Manhattan office. (*See* Bernstein Dec., Ex. "G"). The undisputed facts show that Joyner resided in Virginia at all relevant times, that her treating physicians are located in Virginia, and that the CSC LTD Plan is located and administered in Falls Church, Virginia.[2] (*See* Doc. No. 17-3; *and* Bernstein Dec., Ex. "H").

This case has absolutely no connection to this district and, therefore, Joyner has not and cannot establish that this ERISA action was properly commenced in this district. Accordingly, this Court should grant Hartford's motion and dismiss this action pursuant to Rule 12(b)(3), FED. R. CIV. P., on the grounds of improper venue. *See Garg v. Winterthur*, No. 05 Civ. 5870 (LTS), 2007 WL 136263, *2 (S.D.N.Y. Jan. 18, 2007).

## POINT II
## ALL OF THE RELEVANT FACTORS UNDER 28 U.S.C. §1404(A) FAVOR TRANSFER TO THE WESTERN DISTRICT OF VIRGINIA

Joyner does not dispute that venue is proper in the Western District of Virginia – her home forum – under ERISA's venue provision because the alleged "breach took place" there. *See* ERISA §502(e)(2), 29 U.S.C. §1132(a)(1)(B). Therefore, to the extent this Court determines that dismissal is not appropriate, Hartford has made a more than sufficient showing that, in the interest of justice, this action should be transferred to the Western District of Virginia pursuant to 28 U.S.C. §1404(a). (*See* Doc. No. 18, Point II(B), pp. 12-15).

In opposition, Joyner reasserts the nine factors Courts generally consider when deciding whether a case should be transferred pursuant to 28 U.S.C. §1404(a) and argues that two of those nine factors favor keeping this action in New York – her choice of forum and the locus of operative

---

[2] Joyner's opposition concedes that CSC's corporate headquarters is located in Falls Church, Virginia. (*See* Doc. Nos. 22-1 *and* 22-2).

4

facts.[3] (*See* Doc. No. 21, p. 8-10). However, as discussed below, Joyner's opposition actually reflects that none of the facts occurred in this district and, therefore, her choice of forum cannot be afforded any deference.

### A. None of the Facts Occurred in This District

In her opposition, Joyner argues that the locus of operative facts occurred in her attorney's office and in Maitland, Florida, where Hartford adjudicated her claim for continuing LTD benefits under the Plan. (*Id.*, at p. 10). Thus, Joyner concedes that <u>no relevant facts occurred in this district</u> because her attorney's office is located in Garden City, New York, which is located in the <u>Eastern</u> District of New York. Remarkably, Joyner also argues that she "fail[s] to see how the Western District of Virginia would be a better forum to resolve this action" (*id.*, pp. 10-11), despite the fact that the Western District of Virginia is her home forum and where she expects to receive the LTD payments at issue if she prevails in this action. In addition, the Western District of Virginia is where her multiple treating physicians are located and where she undergoes treatment for the alleged medical conditions that she claims entitle her to an award of LTD benefits under the Plan. (*See* Doc. No. 17-1, ¶12) (claiming that she is disabled due to cervical spine degenerative joint disease and chronic fatigue syndrome); (*see also*, Bernstein Dec., Ex. "H") (showing five treating physicians located in Danville, Virginia). All of these facts occurred <u>outside</u> the Southern District of New York. Therefore, the "locus of operative facts" factor weighs heavily in favor of transferring this action to the Western District of Virginia, where Joyner resides and receives medical treatment.

### B. Joyner's Choice of Forum Should Not Be Afforded Any Deference

Joyner's choice of forum is not entitled to any deference as a matter of law because Joyner failed to commence this action in a proper district pursuant to ERISA's express venue provision.

---

[3] These factors include: (1) the convenience of the witnesses; (2) the location of relevant documents; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances.

(*See* Point I, *supra*, *and* Doc. No. 18, Point I(A), pp. 9-11).  Accordingly, the deference typically afforded to an ERISA plaintiff who initially <u>complies</u> with ERISA's venue provision does not apply here.  Moreover, the plaintiff's choice of forum is not absolute and Courts have routinely transferred ERISA actions in the exact circumstances presented here – where plaintiffs' choice of forum is not their home district and the locus of operative facts has no connection to the chosen forum.  *See Whitehaus Collection v. Barclay Products, Limited*, No. 11 Civ. 217(LBS), 2011 WL 4036097, *3 (S.D.N.Y. Aug. 29, 2011); *Guy v. Hartford Life Group Ins. Co.*, No. C 11-3453 (SI), 2011 WL 5525965, *2 (N.D.Cal. Nov. 14, 2011) (holding that an ERISA plaintiff's choice of forum is afforded considerably less weight where the plaintiff does not reside in the forum and the operative facts occurred outside the forum); *see also*, *Girgis v. Hartford Life and Accident Ins. Co.*, No. 2:10-cv-05279, 2011 WL 2115814, *4 (D.N.J. May 25, 2011).  Joyner's choice of forum should be afforded no deference because the Southern District of New York is not her home forum and all of the operative facts occurred outside this district.

**C.     All Other Relevant Factors Favor Transfer to the Western District of Virginia**

The other factors relevant to determining the proper forum for Joyner's claims also weigh in favor of transfer to the Western District of Virginia.  The convenience of material witnesses factor weighs heavily in favor of transfer because all potential witnesses, including Joyner, are located in the Western District of Virginia.  Joyner argues that this factor should not be taken into account since Hartford opposes discovery outside of the administrative record in this ERISA action.  (Doc. No. 21, pp. 9-10).  However, Joyner contends that she is entitled to discovery outside the record and, to the extent this Court allows Joyner to obtain such discovery, the convenience of material witnesses factor favors transfer to Virginia where the CSC LTD Plan is located and administered, and where Joyner's treating physicians are located.  (*See* Doc. No. 17-3 *and* Bernstein Dec., Ex. "H").

The "convenience of the parties" factor also weighs heavily in favor of transfer to the Western District of Virginia, Joyner's home forum.  To the extent Joyner prefers to have this case

6

remain in this district because her counsel is located in a nearby district (although Joyner's opposition notably lacks such a statement by Joyner herself), the convenience of her counsel being located in New York is not a relevant consideration in deciding whether a case should be transferred pursuant to 28 U.S.C. §1404(a). *See Guy*, 2011 WL 5525965, *3 (noting that 28 U.S.C. §1404(a) "refers to "parties" and not counsel").

Finally, Joyner does not dispute that the docket in this district is overwhelmingly more congested than the docket in the Western District of Virginia, which is another factor favoring the transfer of this action. (*See* Doc. No. 17-4) (showing that 10,883 civil cases were filed in this district in 2010 versus 1,124 civil cases filed in the Western District of Virginia).

Accordingly, the relevant 28 U.S.C. §1404(a) factors weigh greatly in favor of transferring this action to the Western District of Virginia. Therefore, if the Court determines dismissal is inappropriate, this Court, in the interest of justice, should transfer this action to the Western District of Virginia.

## **CONCLUSION**

For these reasons, as well as those set forth in Hartford's original moving papers, this Court should grant Hartford's motion to dismiss Joyner's Complaint on the grounds of improper venue or, in the alternative, transfer venue of this case to the Western District of Virginia.

Dated: New York, New York
November 29, 2011

                Respectfully submitted,

                s/
                MICHAEL H. BERNSTEIN (MB 0579)
                JOHN T. SEYBERT (JS 5014)
                BETSY D. BAYDALA (BB 5165)
                SEDGWICK LLP
                125 Broad Street, 39th Floor
                New York, New York 10004-2400
                Telephone: (212) 422-0202
                Facsimile:  (212) 422-0925

michael.bernstein@sedgwicklaw.com
*Attorney for Defendant*

To:  Michail Z. Hack Esq.
QUADRINO & SCHWARTZ
666 Old Country Road
Garden City, New York  11530
Business Phone: (516) 745-1122
Business E-mail: mzh@quadrinoschwartz.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I, BETSY D. BAYDALA, hereby certify and affirm that a true and correct copy of the attached **DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TO CHANGE VENUE TO THE WESTERN DISTRICT OF VIRGINIA** was served **via ECF and regular mail** on this 29th day of November, 2011, upon the following:

Michail Z. Hack Esq.<br>
Quadrino & Schwartz<br>
666 Old Country Road<br>
Garden City, NY 11530<br>
Business Phone:  (516) 745-1122<br>
Business E-mail:  mzh@quadrinoschwartz.com

Dated:    New York, New York
          November 29, 2011

                                          s/_____
                                          BETSY D. BAYDALA (BB 5165)

9