UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
RAMONA JOYNER,                      :
                                    :   11 Civ. 6005 (JSR)
                Plaintiff,          :
                                    :          ORDER
        -v-                         :
                                    :
CONTINENTAL CASUALTY CO.,           :
                                    :
                Defendant.          :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

        Plaintiff Ramona Joyner, a resident of Virginia, filed
this denial of long-term disability insurance benefits action on
August 26, 2011 in the United States District Court for the
Southern District of New York. Defendant Hartford Life Group
Insurance Co., successor-in-interest to named defendant
Continental Casualty Co., moves to dismiss the case for improper
venue, pursuant to Rule 12(b)(3), or, in the alternative, to
transfer the case to the Western District of Virginia, pursuant
to 28 U.S.C. § 1404(a). Upon review of the parties' written
submissions and oral arguments, the Court hereby grants
defendant's motion to transfer the case to the Western District
of Virginia, and does not reach defendant's motion to dismiss for
improper venue.

        Section 1404(a) empowers a district court to transfer
any civil action, "for the convenience of parties and witnesses,
in the interest of justice," to any other federal district where
it might have been brought. 28 U.S.C. § 1404(a). Joyner does not
dispute that this case could have been brought in the Western

District of Virginia. Once this prerequisite has been established, resolution of a section 1404(a) motion lies within the broad discretion of the district court "and notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 106 (2d Cir. 2006).

In exercising such discretion, the court considers several factors, including: (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of circumstances. Whitehaus Collection v. Barclay Prods., Ltd., No. 11 Civ. 217(LBS), 2011 WL 4036097, at *2 (S.D.N.Y. Aug. 29, 2011). However, "each factor need not be accorded equal weight, and other factors may be considered." Malone v. Commonwealth Edison Co., 2 F. Supp. 2d 545, 547 (S.D.N.Y. 1998).

Of the factors listed above, the "locus of operative fact" weighs heavily in favor of transfer. Joyner lived and worked in Virginia for the Computer Sciences Corporation, through

which she became a participant in the instant insurance plan.
Compl. ¶ 1.  When she became disabled, she applied for benefits
in Virginia.  Id. She lived in Virginia when she was initially
awarded long-term disability benefits, and Virginia is where she
received payments. Id.  Further, the plan is located and
administered in Virginia. See Declaration of Michael H.
Bernstein, Ex. D. On the other hand, the only connection to the
Southern District of New York this Court can identify is that
plaintiff's counsel has a satellite office in Manhattan. His
firm's main office is in Garden City, New York, located in the
Eastern District of New York, and all documents in this case
signed by plaintiff's lawyer state his location as "Garden City,
New York." Plaintiff's counsel argues that the locus of operative
fact is New York, because his office represented plaintiff during
the claims process. See Plaintiff's Memorandum of Law in
Opposition to Defendant's Motion to Dismiss or Transfer Venue, at
7. But the fact that plaintiff retained an attorney in New York
to represent her does not shift the locus of operative facts
underlying the dispute to his office. Cf. Girgis v. Hartford Life
& Acc. Ins. Co., No. 2:10-cv-05729 (DMC)(JAD), 2011 WL 2115814,
at *2 (D.N.J. May 25, 2011) (transferring case where the "only
person involved in the litigation" with a connection to the
district was plaintiff's attorney, and holding his convenience
was not a relevant factor). The locus of operative facts in this

3

case favors the Western District of Virginia, not the Southern
District of New York.[1]

Convenience of the parties also weighs in favor of
transfer. Despite her counsel's location, plaintiff herself would
surely be more convenienced by a lawsuit in her own district,
rather than travelling hundreds of miles to New York. This is
particularly relevant considering plaintiff alleges she is
physically disabled due to cervical spine degenerative joint
disease and chronic fatigue syndrome. Compl ¶ 12. Defendant, who
administers the instant plan in Virginia, states it too would be
more convenienced by litigating in the Western District of
Virginia than the Southern District of New York, which has no
connection to this case. See Defendant's Memorandum of Law in
Support of Its Motion to Dismiss for Improper Venue or, in the
Alternative, to Change Venue to the Western District of Virginia,
at 9-10.

Indeed, the only 1404(a) factor that weighs against
transferring this case to Virginia is the weight accorded to the
plaintiff's choice of forum. Although the court typically accords
"significant" weight to this factor, see Herbert Ltd. P'ship v.

---

[1] That being said, at oral argument plaintiff's counsel noted
that any discovery or depositions will likely occur in either
Florida or Connecticut. Further, the Court has allowed plaintiff
only limited discovery in this ERISA action. See Order dated Dec.
16, 2011. Accordingly, the location of documents and ease of
access to sources of proof factor is neutral between this
District and the Western District of Virginia.

Elec. Arts Inc., 325 F. Supp. 2d 282, 291 (S.D.N.Y. 2004), this standard has two caveats.  First, "the plaintiff's choice of forum receives less deference when that forum is not the plaintiff's home district." Id. Second, the plaintiff's choice is given less deference "where the operative facts have no connection to the chosen district." Whitehaus Collection v. Barclay Prods., Inc., No. 11 Civ. 217(LBS), 2011 WL 4036097, at *3 (S.D.N.Y. Aug. 29, 2011). As clear from the discussion above, both of these caveats apply to this case.

There is no reason why this case should be litigated in the Southern District of New York. This is a case that involves a Virginia resident, who worked for a Virginia company, which provided an insurance plan administered in Virginia, where the plaintiff obtained her insurance benefits in Virginia, from an insurance company headquartered in Connecticut, and where the plaintiff, allegedly severely disabled, remains in Virginia. The weight accorded to the plaintiff's choice of forum is significantly outweighed by the locus of operative facts and the convenience to the parties. Accordingly, for the foregoing reasons, defendant's motion to transfer is granted and the Clerk of the Court is directed to transfer the case to the Western District of Virginia.

SO ORDERED.

JED S. RAKOFF, U.S.D.J.

Dated:     New York, New York
           January 6, 2012